Hon. EDWARD B. GREEN, Chief Justice.
Hon. JNO. H. BURFORD, } Associate Justices.
Hon. FRANK DALE, }

### W. S. RICE v. J. B. WEST.

(Filed July 21, 1893.)

1. BILL OF EXCEPTIONS—*Time of Filing.* Under Code Civil Proc. ch. 70, art. 24, section 5, providing that a bill of exceptions must be presented within the time allowed by the judge, a bill filed a month after the time appointed by the judge will not be considered.

2. FORCIBLE ENTRY AND DETAINER—*Pleading.* Under St. ch. 71, art. 16, section 4, providing that in forcible entry and detainer the complaint shall set forth either an unlawful and forcible entry and detention, or an unlawful detention, the facts constituting such unlawful entry or detention must be set out.
(Syllabus by the Court.)

*Appeal from the District Court of Canadian County; before A. J. Seay, District Judge.*

*Carswell & Smith,* for appellants.

*C. O. Blake,* for appellee.

Opinion of the court by

DALE, J.:    This case was originally commenced before a justice of the peace of Canadian county, taken on

appeal to the district court, and judgment rendered for plaintiff, from which defendants appeal to this court.

The complaint recites that J. B. West, plaintiff, is the owner of one frame building, describing the same, and the place where situated, and alleges that "said plaintiff caused a notice to quit and leave said premises to be served upon said defendants on the 11th day of August, 1891; that said defendants entered said premises unlawfully, and have detained the same unlawfully, and held said premises by force." Also alleges "that said defendants neglected and refused to pay the rent for the service from September 22, 1890, up to the present time, and that said rent will amount to the sum of $75, which is due and unpaid." The prayer of the complaint demands restitution of the premises, and the sum of $75, money due for rent thereof. The suit was instituted before the justice, August 15, 1891, and on August 19, the defendants W. S. Rice and Walter E. Thompson answered as follows:

"1. They deny that plaintiff is the owner of the premises, as set forth in said complaint; (2) deny that they unlawfully or by force hold said premises from plaintiff; (3) that they are in any manner indebted to the said plaintiff, as set forth in said complaint; and for a further answer say that they are the equitable owners and in possession of the lot upon which the building described in plaintiff's complaint is located, and that said building is attached to and forms part of the realty."

On the same day John W. Parsons asked leave to be made a party defendant, claiming an interest adverse to the plaintiff. While the transcript does not affirmatively show that the motion was allowed, yet it does appear therefrom that he participated in the proceedings as a defendant, both before the justice and district court. The

answer of Parsons alleges, in substance, that he settled on the lot upon which the building was located in the year 1889, under the townsite laws of the United States, and erected the building in controversy; that the building is firmly attached to the realty; that the determination of the issues in the case necessarily involves title. He also claimed to be the owner of the real estate, and the building standing upon the same. It does not appear from the record what the judgment was in the justice's court; neither is such fact necessary to be known in order to enable the court to properly consider all questions involved in this appeal. The case was tried by a jury in the district court, and judgment rendered therein, December 9, 1891, in favor of plaintiff for restitution of the property and $97 damages as for rent due. The next day a motion for a new trial was filed, and on January 2, 1892, overruled, and thirty days given to make and present a bill of exceptions. Afterwards the time of filing such bill of exceptions was, by consent of parties, extended to February 27, 1892; but the record shows that the same was not presented and approved until April 1, 1892.

The appellants insist that the complaint is insufficient to state a cause of action, either under the forcible entry and detainer act, or as a proceeding in replevin. Also, that the evidence tends to show that Parsons is a joint owner with West of the property, and that, therefore, West cannot maintain the action; and further insists that his demurrer to the evidence should have been sustained, because plaintiff failed to prove service of notice to quit prior to the commencement of the action. The ap-

pellee objects to the consideration of the bill of exceptions, because not filed within the time allowed by the court, or the enlarged time as stipulated by the parties.

We will first consider the objection made by appellee to the bill of exceptions. Section 5, art. 24, ch. 70, Code Civil Proc., provides that the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions. January 2d, when the motion for a new trial was overruled, thirty days' time was allowed by the court within which to file a bill of exceptions. This time was, by agreement of counsel, extended to February 27th. The bill of exceptions in this case was not filed until April 1st, long subsequent to the expiration of the time allowed by the court, and to which it was enlarged by agreement of counsel. It follows that the objection of appellee to the consideration of that portion of the record contained in the bill of exceptions is well taken. Holding to this view, we are excluded from determining any matters aris- ing under the evidence found in the record, and it only re- mains for us to pass upon the question raised by appel- lants upon the sufficiency of the complaint. This is an action brought under art. 16, ch. 71, St. Okla., known as "forcible entry and detainer." Section 4 of such article provides that the plaintiff "shall set forth either an un- lawful forcible entry and detention, or an unlawful de- tention of the premises." And such complaint in a sep- arate paragraph, may set forth the amount, if any, due for rent and for damages to the premises, and pray for a judgment for the rent due and damages, as well as for restitution of the premises. The plaintiff below evidently intended to unite in the one suit both causes of action, as is provided by the statute above referred to. The com-

plaint is for the first time brought into question in this court, and it is well settled that when the complaint is first challenged in the supreme court the judgment should be reversed only when there is an entire failure to make any allegation as to a necessary fact. (*Smith v. Smith,* 106 Ind. 43, 5 N. E. Rep. 411.) If the complaint under consideration is such that from a reading thereof it may fairly be said that facts are pleaded, within the meaning and intent of the statute which tend to state a cause of action, then the judgment of the lower court should stand. The first cause of action attempted to be set up in the complaint states that "defendants entered said premises unlawfully, and have detained the same unlawfully, and hold the same by force." It will be seen that the allegations are mere conclusions, and that no fact upon which to base the same appears. Code Civil Proc. sec. 4, art. 9, ch. 70, clearly defines what is necessary in a complaint in the following language:

"The complaint shall contain, a statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

Section 4 of the forcible entry and detainer act prescribes that summons shall not issue until the plaintiff shall set forth either an unlawful and forcible entry and detention, or an unlawful detention. By the use of this language it follows that the general provisions of the code, as defined in sec. 4, art. 9, ch. 70, *supra*, must be followed in a complaint under the forcible entry and detainer act. There are many different modes by which a person may make an unlawful forcible entry or detention and these should be set forth, to enable the defendant to fairly

understand how he is charged. (*Blaco v. Haller*, 9 Neb. 149, 1 N. W. Rep. 978; *Sanchez v. Luna*, 1 N. M. 238.) This being true, it follows that the judgment for the restitution of the property must be reversed; but because of this it does not follow that the money judgment obtained as damages for rent due need be disturbed. As before stated, the complaint charges two causes of action, one of which is for rent due. We have not before us the evidence, and must therefore presume that the verdict of the jury finding that defendants were indebted to plaintiff in the sum of $97 damages as for rent due is based upon sufficient evidence. The complaint charges a good cause of action for rent due, and we do not think the judgment rendered thereon should be disturbed.

The judgment of the lower court is therefore reversed in so far as it relates to the restitution of the premises described in the complaint of plaintiff below, and affirmed for the sum of money awarded plaintiff as damages.

All of the Justices concurring.