Golding v. Eidson.

GEORGE E. GOLDING *et al.* v. G. H. EIDSON *et al.*

No. 59.

ERROR OF LAW OCCURRING AT THE TRIAL —*Motion for New Trial Necessary.* The ruling of a trial court sustaining an objection to the introduction of evidence under the answer of the defendant, on the ground that it stated no defense, if erroneous, was "error of law occurring at the trial," for which a new trial could have been granted by the district court, and will be deemed waived and not subject to review in this court, when a motion for a new trial was not made.

MEMORANDUM.—Error from Graham district court; CHARLES W. SMITH, judge. Action by G. H. Eidson and others against George E. Golding and others. Judgment for plaintiffs, and defendants bring the case here. Affirmed. The opinion herein was filed January 9, 1896.

*G. W. Jones,* for plaintiffs in error.

*F. D. Turck,* for defendants in error.

The opinion of the court was delivered by

GARVER, J.: The plaintiffs in error, Golding and others, were the defendants in an action brought by Eidson and others on a note and mortgage. The case was tried by the court, and, as shown by the journal entry, the court, after hearing the evidence, found that all of the allegations and averments contained in the petition of said plaintiffs were true, and that there was due from the said defendants G. E. Golding and A. W. Golding to the said plaintiffs, on the note and mortgage sued on in this action, the sum of $1,010.

The error complained of and urged as the ground for the reversal of this judgment is the ruling of the court in sustaining an objection made by the plaintiffs below to the introduction of any evidence under

the answer of the defendants, on the ground that the answer did not state facts sufficient to constitute a defense. The answer of the defendants was very inartistically drawn, and, except by the most liberal construction, could not be held to state any defense. But, conceding that the ruling of the court upon the objection was erroneous, can it be reviewed by this court? If the trial was regularly conducted, which we must assume to be the case, the plaintiffs would, under the pleadings, have first introduced their evidence and rested, and then, in the very midst of the trial, would have occurred this objection and the ruling of the court thereon. The objection being sustained, there remained as a basis for the judgment the pleadings and evidence introduced by the plaintiffs. It was this ruling of the court during the trial of the case which deprived the defendants of the benefit of any evidence which they might have introduced in support of the allegations of their answer. This must be held to be a ruling occurring at the trial, for which, if erroneous, a new trial could have been granted by the district court. (Gen. Stat. 1889, ¶ 4401.) The record in this case does not show that a motion for a new trial was made in the district court on this or any other ground. The rule is well settled in this state, that "errors of law occurring at the trial" for which a new trial may be granted by the trial court are waived, and cannot be reviewed by an appellate court when a motion for a new trial was not made. (*Nesbit v. Hines,* 17 Kan. 316 ; *Decker v. House,* 30 id. 614 ; *Buettinger v. Hurley,* 34 id. 585 ; *Duigenan v. Claus,* 46 id. 275.)

On the authority of the above cases, the judgment must be affirmed.

All the Judges concurring.