ARNOLD HEBEISON v. FRANK HATCHELL.

(Filed September 5, 1906.)

1. APPEAL—Time of Taking.  Under Section 574 of our Civil Code, proceedings for reversing, vacating  or modifying  judgments or final orders must be commenced in the supreme court within one year after the rendition of the judgment or making of the final order which is sought to be reviewed by this court, unless the person entitled to such proceeding be under disability, as pro-vided in·said section.

2. SAME—No Jurisdiction After One Year.  Where more than one year has intervened between the rendition of the judgment or final order sought to be reviewed and the filing of the petition in error in the supreme court, this court is without jurisdiction to review the judgment of the trial court.

(Syllabus by the Court.)                                ,

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*C. W. Ransom,* for plaintiff in error.

*Cline & Duvall* and *Dale & Bierer,* for defendant in error.

Opinion of the court by

Pancoast, J.: The plaintiff in error and the defendant in error were contestants before the department of the interior for the northeast quarter of section 26, in township 28, north of range 1, east, in Kay county, Oklahoma, each claiming the tract of land under the homestead laws. The defendant in error was the successful contestant, and was awarded the land. The tract was involved in the contest for a number of years, during which time each occupied a portion thereof.

This action was brought in the district court of Kay county by the defendant in error against the plaintiff in error, under section 289 of Wilson's Annotated Statutes, to recover the possession and for the sum of $920.00, for the use and occupation of the land by the plaintiff in error. For answer, the defendant below filed a general denial. Afterwards, by leave of court, the defendant filed his cross-petition, setting up, among other things the fact that the parties had been applicants before the department of interior for the land, and that the same had been awarded to the plaintiff below, but alleging that there was error in the decision of the secretary of the interior and a misapplication of law, and attempting to set up sufficient facts to enable him to hold the plaintiff as trustee for his benefit, and praying that the plaintiff be adjudged to hold the legal title in trust for the defend-

ant, and that he be required to convey the same to the defendant.

To this cross-petition, the plaintiff filed a demurrer, on the ground that the said cross-petition did not contain a sufficient statement of facts to constitute a cause of action against the plaintiff and in favor of the defendants, or to entitle the defendant to any relief thereunder.   This demurrer came on to be heard on the 7th day of September, 1904, at a regular session of the district court of Kay county, and on that date, the demurrer was sustained, and judgment rendered thereon.   Thereupon the defendant electing to stand upon his cross-petition, a final judgment was rendered in the case, "That the defendant take nothing under said cross-petition, as contained in paragraph one, two, three, four and five of the defendant's answer and cross-petition, and that the cross-petition herein be dismissed; to all of which the defendant excepted."

The appeal in this case was not filed in this court until October 6, 1905, more than one year after the rendition of judgment upon the demurrer to the cross-petition.   A motion has been made by the defendant in error to dismiss the petition in error in this case for the reason that the action was not filed in this court until more than one year after the judgment was rendered on the demurrer to the cross-petition. This motion was ordered by the court to be taken with the case, opinion to be written thereon.

The judgment of the district court dismissing the cross-petition, at the time of sustaining the demurrer, was a final judgment, and under section 4748 of Wilson's Annotated Statutes, to enable this court to review the judgment of the

district court, an appeal therefrom should have been taken and action commenced in this court within one year from the date of the rendition of such judgment. More than one year having elapsed before the appeal was perfected in this case, such judgment cannot be reviewed by this court.

The decision of this proposition decides the principal question in this case. The only other questions are that it is claimed that the court below gave judgment for six years' back rent, while the code fixes the limitation at three years, and that during four years of that period, this plaintiff had a homestead entry on this tract, and as such entryman he had an unquestionable right to the possession under the homestead laws, and it was error to permit a recovery of the rents for those years. The plaintiff below asked judgment for $920. The court rendered judgment for $500.00. Upon this question of damages, evidence was allowed to be introduced covering the entire period during which the defendant occupied the premises, there being some variation in the testimony of the several witnesses as to the value of the use and occupancy of the land. No special findings were asked for, and none were made. The court found generally in favor of the plaintiff. The evidence abundantly supports the findings. Nowhere is it pointed out in the brief of plaintiff in error, nor can we determine from an examination of the record, that the court found that the plaintiff was entitled to recover for any special period of time, much less for a period of six years. The plaintiff in error in this case seems to content himself in his brief by a mere statement of the proposition that the court gave judgment for six years' back rent, and neither by argument or otherwise attempts to show to this court any reason for such statement.

We cannot understand upon what principles it is claimed that when the homestead entry of the plaintiff in error upon the tract is found to be wrongful, that during the period of the homestead entry he cannot be held for damages for the use and occupancy therefor; nor is any argument advanced upon this proposition.

Seeing no error in the judgment of the court below which can be reviewed by this court, the judgment is affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.