# PALMER-GREGORY CHIROPRACTIC COLLEGE v. HART.

### No. 1517.   Opinion Filed July 12, 1910.

### (110 Pac. 725.)

**APPEAL AND ERROR—Expiration of Time—Dismissal.** Where more than one year has intervened between the rendition of the judgment or final order sought to be reviewed and the filing of the petition in error in the Supreme Court, this court is without jurisdiction to review the judgment of the trial court.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County; A. N. Munden, Judge.*

Action by the Palmer-Gregory Chiropractic College against Charlott D. Hart. From a judgment sustaining a demurrer to the petition, plaintiff brings error. Dismissed.

*L. D. Mitchell* and *Everest, Smith & Campbell*, for plaintiff in error.

*W. A. Staley* and *W. M. Engart*, for defendant in error.

DUNN, C. J.   This case presents error from the superior court of Oklahoma county. The final judgment of the district court in which a demurrer to the petition is sustained was entered January 8, 1909. A petition in error was filed in this court April 11, 1910; the same being more than three months over a year from the date of the judgment. The result of the delay in the commencement of the prroceedings in error is that this court is without jurisdiction to entertain the case. *Doorley v. Buford & George Mfg. Co.*, 5 Okla. 594, 49 Pac. 936; *Ryland et al. v. W. H. Coyle et al.*, 7 Okla. 226, 54 Pac. 456; *Hebeison v. Hatchell*, 17 Okla. 260, 87 Pac. 643; *Strange et al. v. Crismon*, 22 Okla. 841, 98 Pac. 937; *Sumner et al. v. Sherwood*, 25 Okla. 70, 105 Pac. 642. And in the case of *John v. Paullin et al.*, 24 Okla. 636, 106 Pac. 838, it was held that, after the statutory time for appeal

has elapsed, a judgment cannot be reviewed even if all the parties stipulate that the appellate court may do so.

The action not having been begun within the statutory time, this court acquires no jurisdiction thereof, and the proceeding in error is accordingly dismissed.

All the Justices concur.