## EPSTEIN v. HANDVERKER.

No. 990. Opinion Filed July 11, 1911.

(116 Pac. 789.)

**BANKRUPTCY—Pending Actions by Bankrupt—Substitution of Trustee —Damage Suit for Libel.** Under section 70 of the act of Congress of July 7, 1898, pertaining to the vesting of a bankrupt's property in the trustee in bankruptcy, the trustee is the proper party to enforce actions arising upon contracts, or from the unlawful taking or detention of or injury to the property, of the bankrupt; but he cannot be substituted as plaintiff in a pending damage suit for libel upon the bankrupt, and prosecute the same as such trustee, although the injuries occasioned by such libel upon the bankrupt's reputation may have been the cause of his bankruptcy.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by H. Handverker against S. Epstein. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*U. C. Moore* and *Jno. H. Wright,* for plaintiff in error.

*Stevens & Myers,* for defendant in error.

KANE, J. This was an action for damages, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, in the district court of Comanche county. The petition alleged, in substance: That the defendant did on divers days falsely, maliciously, and scandalously write and publish certain scandalous and malicious articles of and concerning the plaintiff, intending thereby to hurt and degrade him in his good name, credit, and reputation in business, and to cause him to be believed to be a man who was about to perpetrate a fraud on his creditors, and especially the Cox-Johnson-Dimond Dry Goods Company, a large wholesale establishment in Wichita, Kan., and a large creditor of the plaintiff, which libel is in the following words: "Gentlemen: Look out for H. Handverker,

at Lawton, O. T. A Friend." That the publication of said libel caused said company, when it received said communication, to put its account in the hands of an attorney for collection, by which he was damaged, etc. The same communication was also mailed to other creditors of the plaintiff. After the issues were made up the plaintiff filed a motion in said cause, stating that he had been adjudged a bankrupt, and that Merritt Glass had succeeded to his rights, interests, property, and estate, for the use and benefit of the said H. Handverker's creditors, and as such trustee had succeeded to any rights which might accrue to said plaintiff in said action, and moved the court that said trustee be substituted as plaintiff. Thereafter leave was given to amend by substituting the trustee as plaintiff, and said trustee set up his appointment as trustee, and that he adopts in full the original petition in said cause, and elects to stand thereon. Thereafter in a trial to a jury a verdict was rendered in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Among the errors assigned is one to the effect that the court erred in substituting and permitting Merritt Glass to prosecute said suit as plaintiff. We think this assignment is well taken, and that the court below had no jurisdiction to render judgment in favor of the trustee for a libel against the bankrupt. Counsel for defendant in error, in their brief, say:

"The right of action, being given for injury to the plaintiff's occupation, was not personal to himself alone, but was capable of assignment, and is, therefore, property which he could have transferred."

This court, in *K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51, following *Kansas Midland Ry. Co. v. Brehm*, 54 Kan. 754, 39 Pac. 690, has held to the contrary. In both cases it was held that the right of action for a pure tort is not the subject of assignment. We do not believe that sort of a claim comes within the purview of section 70 of the act of Congress of July 1, 1898 (30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3452]), which provides:

"The trustee of the estate of a bankrupt, upon his appoint-

ment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except ·in so far as it is to property which is exempt, to all * * * (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

It was a principle of the common law that a chose in action, or right or thing not in possession, could not be assigned, and that no man could purchase another man's right to a suit in whole or in part. This rule has been somewhat modified by statute, but not in this jurisdiction to an extent that will permit the transfer by mere operation of law of a naked cause of action for a tort. There is no property in such a claim, but simply a cause of action based upon an alleged wrong which has been done to an individual. To permit another to speculate on such a cause of action would tend to unduly increase litigation and permit another to vindicate a wrong which in the nature of things ought to be vindicated by the person injured. Libel and slander are among the very few actions which abate by the death of either or both parties thereto under our statute. Section 5944, Compiled Laws of Oklahoma 1909. Under section 70, *supra,* of the bankruptcy law, the trustee is the proper party to enforce actions arising upon contracts, or from the unlawful taking or detention of or injury to the property, of the bankrupt; but he cannot maintain an action for injuries to the person or reputation of the bankrupt. He cannot sue for damages for libel upon him, although the injuries occasioned thereby upon the man's reputation may have been the sole cause of his bankruptcy. Addison on Torts, § 1300.

The point is made that no objection was made or exception saved to the action of the court in relation to the substitution of the trustee; but as the question is jurisdictional, and the facts appear on the face of the record, it may be reviewed without objection or exception. *Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 548, 129 Am. St. Rep. 729; *Baker v. Hammett et al.,* 23 Okla. 480, 100 Pac. 1114.

The judgment of the court below must be reversed, and the cause remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.