## MAGGART v. WAKEFIELD et al.

No. 1517.   Opinion Filed March 12, 1912.

Rehearing Denied May 4, 1912.

(123 Pac. 1042.)

APPEAL AND ERROR—Objections in Lower Court—Exception to Decision on Motion for New Trial.  The failure to except to the overruling of a motion for a new trial constitutes a waiver of the error as to such ruling and all alleged errors of law occurring at the trial, for which a new trial would be granted.

(Syllabus by the Court.)

*Error from District Court, Canadian County;
John J. Carney, Judge.*

Action between William H. Maggart and Luella Jeanette Wakefield and Frank A. Wakefield.  From the judgment, Maggart brings error.  Dismissed.

*Wrightsman, Bush & Johnson,* and *Louis S. Wilson,* for plaintiff in error.

*Eagleton & Biddison* and *Phelps & Cope,* for defendants in error.

KANE, J.   The record shows that no exception was taken to the order of the court overruling the motion for a new trial. Originally the only errors assigned were such as would require a motion for a new trial to review.   After the cause had been pending in this court for about a year, and long after the time for taking an appeal had expired, plaintiff in error asked leave to amend his petition in error; and, upon leave being granted, the petition in error was amended by assigning as error the in-

sufficiency of the petition to support the verdict rendered. Prior to this amendment, there was no error assigned that could be reviewed. It is well settled that the failure to except to the overruling of a motion for a new trial constitutes a waiver of error as to such ruling and all alleged errors of law occurring at the trial for which a new trial would be granted. *Vaughn Lumber Co. v. Missouri Lumber Co.,* 3 Okla. 174, 41 Pac. 81; *Alexander et al. v. Oklahoma City,* 22 Okla. 838, 98 Pac. 943.

Counsel for plaintiff in error contend that the insufficiency of the complaint to support the judgment may be raised in the Supreme Court for the first time, and in this probably they are correct; but none of the authorities they cite go to the extent of permitting that question to be raised for the first time long after the time for taking an appeal has expired; that would be, in effect, allowing an appeal after the expiration of the statutory time. *Bellamy v. Washita Valley Tel. Co. et al.,* 25 Okla. 792, 108 Pac. 389; *Palmer-Gregory Chiropractic College v. Hart,* 26 Okla. 855, 110 Pac. 725; *Haynes et al. v. Smith,* 29 Okla. 703, 119 Pac. 246. In the latter case it was held:

"Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course. After the expiration of such time, matters of form, as a rule, may be corrected; but no new allegations of error can be made."

As the record presents no assignments of error that, properly, we can review, the appeal must be dismissed. It is so ordered.

All the Justices concur.