## MISSOURI, O. & G. RY. CO. v. McCLELLAN.

No. 3428.   Opinion Filed March 11, 1913.

(130 Pac. 916.)

1. **APPEAL AND ERROR—Petition in Error—Amendment—Assign-ments—Overruling Motion for New Trial.** An assignment of error to the effect that the court below erred in overruling a motion for a new trial is a new and distinct assignment of error; and a petition in error in the Supreme Court cannot be amended by incorporating such assignment therein after the statutory time for perfecting an appeal has expired.

2. **SAME—Assignments of Error—Motion to Strike Case from Docket.** An order overruling a motion to strike a case from the trial docket will not be reviewed by this court on appeal, where such ruling of the trial court has not been assigned in the motion for a new trial, and exceptions to the ruling on the motion for a new trial saved, and the overruling of the motion assigned in the petition in error in this court.

3. **PLEADING—Petition—Objection at Trial.** Where there has been a trial, and no objection has been made to the petition by demurrer or by motion, an objection to the introduction of evidence under the petition for the reason that it does not state a cause of action, or an objection to the sufficiency of the petition in this court, will be held good only when there is a total failure to allege in the petition the relief sought; and the petition will be liberally construed, if necessary, in order to sustain same.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by D. W. McClellan against the Missouri, Oklahoma & Gulf Railway Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*E. R. Jones* and *J. C. Wilhoit* (*Alexander New* and *Arthur Miller,* of counsel), for plaintiff in error.

*Crump & Skinner,* for defendant in error.

HAYES, C. J.  Defendant in error, hereinafter called plaintiff, brought this action against plaintiff in error hereinafter called

defendant in the court below to recover for injuries he alleges that he sustained by reason of negligence of the defendant while he was employed by defendant as a section foreman. A trial upon the issues formed by the pleadings resulted in a verdict and judgment in favor of plaintiff in the sum of $7,000, to reverse which this appeal is prosecuted.

Four assignments of error are presented for reversal. The first and second assignments present the contention that the trial court erred in overruling defendant's motion to strike the case from the trial docket; the third assignment complains of the court's overruling a motion of defendant for an order requiring plaintiff to submit to a physical examination; and the fourth assignment complains of the overruling of an objection by defendant to the introduction of any testimony by plaintiff in support of his petition, upon the ground that the petition does not state facts sufficient to constitute a cause of action.

A motion for a new trial, presented by defendant to the trial court, was overruled; but this action of the court was not assigned in the petition in error filed here. After the statutory time for taking an appeal had expired defendant made application to this court for leave to file an amended petition in error, by which it would assign as error the action of the court in overruling the motion for a new trial; but its application cannot be granted, for such an assignment of error is a new and distinct assignment, setting up a new cause for the reversal of the judgment of the lower court and it cannot be made after the statutory time for perfecting the appeal has expired. *Smith v. Alva State Bank, post,* 130 Pac. 916; *Maggart v. Wakefield et al.,* 31 Okla. 751, 123 Pac. 1042; *Haynes v. Smith,* 29 Okla. 703, 119 Pac. 246.

No action of the trial court, therefore, can be reviewed in this proceeding which it is required shall be first presented to the trial court by a motion for a new trial. The first inquiry, therefore, this proceeding presents to the court for consideration is: Was the overruling of defendant's motion to strike the cause from the docket a ground for a new trial, and the presentation of such error to the trial court by motion for a new trial necessary in order that it may be reviewed in this court? It has been

held in numerous cases ·that errors of law occurring at the trial cannot be reviewed in this court on appeal, unless such errors have been presented to the trial court by motion for a new trial, and exceptions saved to the overruling of the motion for a new trial, and the act of the court in overruling the motion for a new trial assigned as error in the petition in error in this court; but what acts of the court preceding the trial may be assigned as grounds for a new trial, and must be presented in a motion for a new trial before they can be reviewed on appeal, has not been clearly determined in any case.   ·

In *Powell et al. v. Nichols et al.,* 26 Okla. 734, 110 Pac. 762, it was sought to set aside a levy of execution, and it was held that an order of the trial court refusing to set aside the levy was appealable without a motion for a new trial. *Williamson et al. v. Adams et al.,* 31 Okla. 503, 122 Pac. 499, was an appeal from an order overruling a motion to set aside a sale made under execution. Following *Powell et al. v. Nichols et al., supra,* it was held that no motion for a new trial was necessary in order to review the action of ·the court complained of. In *Bond et al. v. Cook et al.,* 28 Okla. 446, 114 Pac. 723, it was sought to reverse an order of the lower court dismissing an appeal from a justice court; and it was held that a motion for a new trial was unnecessary for such purpose. But none of these cases is decisive of the question involved in the instant case.

Eight different grounds for a new trial are specified by the statute, which, in the language of the statute, are as follows:

"First, irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial. Second, misconduct of the jury or prevailing party. Third, accident or surprise, which ordinary prudence could not have guarded against.ꞌ Fourth, excessive damages, appearing to have been given under the influence of passion or prejudice. Fifth, error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property. Sixth, that the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law. Seventh, newly discovered evidence, material for the party applying, which he could not, with

reasonable diligence, have discovered and produced at the trial. Eighth, error of law occurring at the trial, and excepted to by the party making the application." (Section 5825, Comp. Laws 1909.)

A motion for a new trial must be made at the term the verdict, report, or decision is rendered, except for newly-discovered evidence and shall be made within three days after the verdict or decision was rendered, unless unavoidably prevented. A new trial as defined by the statute (section 5825, Comp. Laws 1909) is the re-examination of issues of fact arising upon the pleadings. *Powell et al. v. Nichols et al., supra.* Where there has been no trial upon issues of fact formed by the pleadings, no motion for a new trial is authorized by the statute; and the setting aside of an order made by the court after a final judgment has been entered, which will not result in a trial upon the issues of fact made by the pleadings, is not the granting of a new trial, and motions therefor do not constitute applications for a new trial.

In the Powell case and in the Williamson case, no motion for a new trial was required, because the relief sought by the complaining parties was not a new trial. The purpose of a new trial is to correct errors in the proceedings of the court that have prevented a fair trial. No action of the trial court after the trial, and after the judgment has become final, however erroneous, can in any way affect the trial; nor is a new trial necessary to correct such an error. The statute does not, therefore, authorize motions for new trials for this purpose, or require that motions for new trials shall be presented as a condition to the right to review of orders made subsequent to the trial. In the Bond case, there could be no new trial, because there never had been any trial, and no motion therefor was necessary in order to review the judgment of dismissal.

The motion for a new trial, contemplated and authorized by the statute, contemplates that there has been a hearing upon the issues of fact made by the pleadings, and that because of an erroneous action or irregularity in some part of the proceedings, either before or at the trial, on the part of the court, the jury, or the parties to the proceeding, a fair trial has not been had. Where there has been no trial, to hold that right to have reviewed

an order of a court made appealable by the statute is waived, unless presented by motion for a new trial, would be to hold that an error may be waived by failure of the party to do that which the statute neither requires nor authorizes. It has been several times held that errors appearing on the judgment roll or record may be corrected on appeal, without exception having been taken thereto, and without their having been presented by a motion for a new trial. *Goodwin et al. v. Bickford,* 20 Okla. 91, 93 Pac. 548, 129 Am. St. Rep. 729; *International Harvester Co. of America v. Cameron,* 25 Okla. 256, 105 Pac. 189; *Epstein v. Handverker,* 29 Okla. 337, 116 Pac. 789. But motions and rulings of the court thereon do not constitute in this jurisdiction part of the judgment roll or record. *Cook et al. v. Larson,* 47 Kan. 70, 27 Pac. 113, is not, therefore, decisive of the question here under consideration. In that case it was held that a motion for a continuance may be reviewed without a motion for a new trial, upon the theory that the motion for continuance constituted a part of the judgment roll or record. In *Buxton v. Alton-Dawson Mer. Co.,* 18 Okla. 287, 90 Pac. 19, it was held, on appeal from a motion overruling a new trial, that the action of the court in overruling a motion to quash summons could not be reviewed, where the statutory time for taking an appeal had elapsed since the overruling of the motion to quash, although the appeal from the overruling of the motion for a new trial was taken in due time, because a motion for a new trial was not necessary to review any question arising upon the motion to quash summons, and that an appeal would lie directly from the action of the court upon the motion to quash. This case, however, was decided by a divided court, and was overruled upon this question by *Spaulding et al. v. Polley,* 28 Okla. 764, 115 Pac. 864.

Adverting to the statute which specifies the grounds upon which motions for new trials may be granted, it has been suggested that only errors of law occurring at the trial constitute grounds for a new trial; but the statute itself contains no such restrictions, and this construction of the statute set out above cannot be made without, in a large measure, rendering meaningless the first paragraph of the statute. If only errors of law oc-

curing at the trial may be assigned in a motion for a new trial, as authorized by the eighth paragraph of the section, then why was it provided in the first paragraph of the section that "irregularity in the proceedings of the court, * * * any order of the court * * * by which the parties were prevented from having a fair trial," shall be sufficient grounds for a new trial. There is nothing in the language of the statute that indicates that the "irregularities" or "orders" of the court referred to shall be limited to those occurring at the trial, and, if it had been so intended, then there would have been no necessity of the eighth paragraph. We think by this provision of the statute it was intended to provide that wherever there has been a trial in a case, if any irregularity of the court has occurred, or any order has been made by the court at any stage of the proceeding which has prevented a fair trial, such error may be corrected by a motion for a new trial. If a party fails to avail himself of this remedy afforded by the statute to correct an error, he must be held to have waived the error if the error is not a fundamental one that cannot be waived by the parties to a suit, for it is to the interest of the public that there be an end to litigation. Of course, jurisdictional errors cannot be waived by the parties; and if the court fails to obtain jurisdiction of the subject-matter, or if the petition fails to state a cause of action, such questions may be raised for the first time on appeal. *Epstein v. Handverker, supra; International Harvester Co. of America v. Cameron, supra; City of Guthrie v. Nix, Halsell & Co.,* 3 Okla. 136, 41 Pac. 343; *Leforce et al. v. Haymes,* 25 Okla. 190, 105 Pac. 644.

But irregularity in setting a case on the trial docket before it is triable under the statute is an error that may be waived by the parties. *Conwill v. Eldridge, ante,* 130 Pac. 912; *Hiatt et al. v. Renk,* 64 Ind. 590. We are therefore of the opinion that it was essential to defendant's right to have reviewed the order of the court refusing to strike the cause from the docket, that it present the alleged error by motion for new trial to the trial court, and assign as error in his petition in error the overruling of the motion. As supporting this conclusion, the following authorities may be cited also: *Masoner et al. v. Bell,* 20 Okla.

618, 95 Pac. 239, 18 L. R. A. (N. S.) 166; *Scanlin v. Stewart et al.,* 138 Ind. 574,. 37 N. E. 401, 38 N. E. 401; *Zimmerman v. Gaumer et al.,* 152 Ind. 552, 53 N. E. 829; *State v. Alred,* 115 Mo. 471, 22 S. W. 363; *Palmer v. Shenkel et al.,* 50 Mo. App. 571.

The foregoing conclusion disposes of the third assignment of error.

Referring to the fourth assignment, it has been suggested that in *Golding et al. v. Eidson et al.,* 2 Kan. App. 307, 43 Pac. 104, it was held that the ruling of a trial court sustaining an objection to the introduction of evidence under the answer of the defendant, on the ground that it stated no defense, was an error of law occurring at the trial for which a new trial could be granted by the trial court, and will be deemed waived on appeal when a motion for a new trial was not filed; but we do not deem it material to decide whether such a ruling must be presented by a motion for a new trial in order to be presented for review in this court, for it may be objected for the first time in this court that a petition does not state a cause of action; but where there has been a trial, and no objection has been made to the petition by demurrer or by motion, an objection to the introduction of evidence under the petition, or an objection to the sufficiency of the petition in this court will be held good only when there is a total failure to allege in the petition some matter essential to the relief sought; and the petition will be liberally construed, with a view of sustaining the action. In such instances it is the duty of the court to take into consideration all the pleadings filed in the case, the answer and reply, as well as the petition, and if from all the pleadings the court can find that there is a cause of action in favor of plaintiff, the objection should be overruled. *First Nat. Bank of Pond Creek v. Cochran,* 17 Okla. 538, 87 Pac. 855; *Marshall v. Homier,* 13 Okla. 264, 74 Pac. 368; *Rice v. West,* 10 Okla. 1, 33 Pac. 706.

We are aware that a different rule prevails in many jurisdictions, which requires that a pleading shall at all times be strictly construed against the pleader; but under the conditions of the authorities in this jurisdiction it is unnecessary to review the decisions of the court from other jurisdictions. Applying this rule,

we have read the petition carefully, and the objection that it does not state a cause of action is without sufficient merit to require us to set out here in detail the contents of the petition, or to enter into any lengthy discussion thereof.

Since the assignments of error are without merit, the judgment of the trial court is affirmed.

KANE, DUNN, and TURNER, JJ., concur; WILLIAMS, J., not participating.