## SARLLS v. HAWK *et al.*

No. 4362.    Opinion Filed May 11, 1915.

(148 Pac. 1030.)

1. **APPEAL AND ERROR—Presentation Below—Motion for New Trial—Refusal to Transfer Cause—"Error of Law Occurring at Trial."** An order overruling a motion to transfer a cause to the superior court, made before the trial was begun, is not an error of law occurring at the trial, and cannot be reviewed under the assignment of error, "Errors of law occurring at the trial;" and, unless presented to the trial court in a motion for a new trial, and assigned as error in the petition in error, the same cannot be reviewed on appeal by petition in error, with case-made attached.

2. **JUDGMENT—Evidence—Identity of Parties.** It is not error to exclude a judgment of the county court, finding Mrs. J. E. Vandergrift guilty of an offense, as against Mrs. Larenia T. Vandergrift, in the absence of a sufficient showing as to the identity of the parties.

(Syllabus by Dudley, C.)

*Error from District Court, Pittsburg County;*

*Preslie B. Cole, Judge.*

Action by R. Sarlls against S. A. Hawk and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Wright & Boyd,* for plaintiff in error.

*Leighton E. Worthley,* for defendants in error.

DUDLEY, C. This is an appeal from the district court of Pittsburg county. The parties here occupy the same position as they did in the lower court, and we shall therefore refer to them accordingly.

The plaintiff and Mrs. Larenia T. Vandergrift, hereinafter referred to as lessee, entered into a written contract, by the terms of which the plaintiff leased to her a furnished rooming house at McAlester, for a term of three years, for a stipulated cash rental, payable monthly. An invoice of the furniture was attached to the contract. The lessee agreed to return the rooming house and furniture, at the expiration of the lease, in as good condition as when received, except the usual wear and tear. There is no express provision in the contract as to what the rooming house should be used for. The following written agreement, signed by the defendants, was attached to the contract:

"One day after date of the above, or upon the failure of Mrs. L. T. Vandergrift to faithfully carry out and perform the foregoing contract, we the undersigned bind ourselves to pay R. Sarlls or order the sum of one thousand dollars ($1000.00) as liquidated and agreed damages for her and in her place and stead. However, providing the undersigned may perform and carry out said contract, in case of said contingency in her place and stead in lieu of said damages.        S. A. Hawk.
"H. S. Cohn."

Prior to the expiration of the lease, plaintiff secured possession of the property. The record, however, does not disclose when

nor under what circumstances he did so.   On March 14, 1911, plaintiff commenced this action against the defendants, who signed said written agreement, to recover the amount specified therein.   The petition, after alleging the execution of the contract, the taking possession of the leased premises by the lessee thereunder, and the agreement of the defendants, guaranteeing its performance, then alleges a breach of the contract, in that the rooming house and furniture was not returned in as good condition as when received by the lessee, and that she failed to return a portion of the furniture, and alleges:

"That while occupying said building and without the knowledge or consent of the plaintiff, she [referring to the lessee] engaged in an unlawful business in said building."

—the nature of the unlawful business not being set out.   Defendants answered, admitting the execution of the contract and the written agreement attached thereto, but denying the breach of the terms and conditions of said contract.   The issues were joined, and thereafter and on November 21, 1911, plaintiff filed a motion to transfer the cause to the superior court of Pittsburg county. This motion was overruled, and exceptions saved.   Thereafter, and on January 26, 1912, the case was tried to the court and jury, resulting in a judgment in favor of the defendants.   Motion for a new trial was filed, overruled, exceptions saved, and the case is here for review.

There are seven assignments of error in the petition in error, only one of which, however, is presented in the brief, and therefore the others are waived.   *Allison v. Bryan,* 26 Okla. 520, 109 Pac. 934, 30 L. R. A. (N. S.) 146, 138 Am. St. Rep. 988.

Plaintiff urges in his brief that the trial court committed error in overruling his motion to transfer the cause to the superior court.   We cannot consider this question, because it was

not urged as a ground for a new trial in the motion for a new trial, nor is it assigned as error in the petition in error. In the motion for a new trial, one of the grounds is: "Errors of law occurring at the trial and excepted to by the plaintiff." The action of the trial court in overruling the motion for a new trial is assigned as error in the petition in error, and it is insisted that under this assignment of error this court may consider the action of the trial court in overruling the motion to transfer the cause to the superior court. We do not think so. The assignment of error that the court erred in overruling the motion for a new trial is sufficient to review all the questions raised in the motion for a new trial. *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944. This question was not raised in the motion for a new trial, unless it can be said that it was an error occurring at the trial, and therefore included in "Errors of law occurring at the trial." The order overruling the motion to transfer was made some time before the trial began, and it certainly was not an "error occurring at the trial." It is not a part of the judgment roll or record, and therefore not subject to review here, unless presented in the motion for a new trial. A motion to strike a cause from the assignment is not an error occurring at the trial. *Missouri, O. & G. Ry. Co. v. McClellan,* 35 Okla. 609, 130 Pac. 916. An order overruling a motion to make more definite and certain is not an error occurring at the trial. *Masoner et al. v. Bell,* 20 Okla. 618, 95 Pac. 239, 18 L. R. A. (N. S.) 166. It was said by this court, speaking through Justice Kane, in the case of *O'Neil et al. v. James,* 40 Okla. 661, 140 Pac. 141:

"The rule is well established in this jurisdiction that errors of law occurring during the preliminary proceedings before trial, such as rulings relating to process, service, motions, or demurrers, should be specially assigned" (citing *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478).

We, therefore, conclude that the order overruling the motion to transfer was not an error occurring at the trial, and, not having been specially urged in the motion for a new trial, and assigned as error in the petition in error, is therefore not subject to review here.

The only assignment of error properly presented is the action of the trial court in excluding certain testimony offered by the plaintiff. The plaintiff introduced evidence tending to show that the lessee used the rooming house, during the time she occupied it under said lease, for unlawful purposes, in that she permitted the unlawful use and disposition of intoxicating liquors and that she harbored prostitutes. In connection with this, he offered in evidence the following judgment of the county court of Pittsburg county, in the case of City of McAlester, Plaintiff, v. Mrs. J. E. Vandergrift, Defendant:

"Criminal Journal Number 1, of the County Court of Pittsburg County, State of Oklahoma, page 466. City of McAlester, Pltf. v. Mrs. J. E. Vandergrift, Deft. Now on this day comes the defendant and pleads that she is guilty of the crime charged. It is therefore by the court considered, ordered, and adjudged that the defendant pay a fine of twenty-five dollars and pay the costs of this action, amounting to $——, for which let execution issue."

The lessee's name, as disclosed by the record, is Larenia T. Vandergrift, quite different from the party named in the judgment. There was no sufficient showing that the lessee was the same person referred to in the judgment, and on account of this fact the trial court excluded it. This was not error. It was certainly incumbent upon the plaintiff to lay the proper foundation for the introduction of this judgment. He having failed to do so, the trial court certainly committed no error in excluding it.

The jury found the issues in favor of the defendants. The evidence amply supports the verdict, and from an examination

of the entire record, we are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.