## HEIRS OF McKNIGHT v. BOWEN et al. CARY et al. v. BOWEN et al.

No. 13406—Opinion Filed Oct. 7, 1924.

Rehearing Denied April 21, 1925.

**1. Parties—Parties in Interest—Action to Recover Property.**

In an action to recover real or personal property, it is proper to make any person, having or claiming an interest in the property, a party to said action.

**2. Mortgages—Rights of Purchaser at Void Foreclosure Sale—Adverse Possession —Limitation of Action Against Purchaser.**

Any person, who, in good faith, purchases mortgaged land at a void foreclosure sale and enters into the possession thereof, believing he acquired the title thereto by virtue of his purchase and of the judicial proceedings and of the sheriff's deed made in pursuance thereof, may avail himself of the statute of limitations as a defense in an action brought by the mortgagor, his heirs or assigns, where his possession has been actual, open, notorious, and hostile to the title claimed by the mortgagee or his successors in interest and to the world at large, and such possession has continued for the length of time required by law to bar the action to redeem.

**3. Same—Limitation Against Action to Redeem.**

Where a purchaser at a foreclosure sale

enters into possession of the mortgaged premises, under the claim of title in himself, and not in subordination of the mortgagor's title, and notice of such possession and adverse claim of title is brought home to the mortgagor or his successor in interest, the statute of limitations against an action to redeem is set in motion.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by Percella Cary et al. against Rufus Bowen and Annie Bowen et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

O. T. Shinn and J. J. Carney, for plaintiffs in error.

Fred W. Green and John J. Hildreth, for defendants in error.

Opinion by JARMAN, C. This was an action in ejectment in the district court of Logan county by Percella Cary and others, against Rufus Bowen and others, for the recovery of certain lands and for damages. Verdict was rendered for the defendants, on which judgment was entered and plaintiffs appeal.

In the original petition filed by the plaintiffs, only Rufus Bowen and Annie Bowen were made defendants; and they filed their answer, admitting that they were in possession of said land, and alleged that they were holding and occupying the same as tenants of John J. Hildreth and alleging that Hildreth was the real party in interest and prayed for an order of court making him a party defendant in said action. Thereafter, Hildreth filed his answer and cross-petition as a defendant in said cause, reciting therein that the same was being filed by reason of an order of court making him a party defendant in said action. The record fails to disclose any formal order of the court making Hildreth a party defendant. Hildreth alleged that the defendants, Rufus and Annie Bowen, were his tenants and were occupying the premises in question as such, and alleged further that he was the owner of said premises and that he and the parties, through whom he claimed title, had been in the quiet, peaceable, open, notorious and adverse possession of said land, claiming title thereto and exercising ownership over the same, for more than 15 years and that, therefore, the plaintiffs' cause of action is barred by the statute of limitations, and prayed for judgment quieting his title in said premises as against the claims of the plaintiffs. Thereafter, the plaintiffs filed a motion to strike the answer and cross-petition of Hildreth for the reason that the same had been filed by Hildreth as a defendant without the consent of the plaintiffs and without an order from the court, which motion was denied by the court. Thereafter, the defendant, Hildreth, filed an amended answer and cross-petition, and the plaintiffs filed a motion to strike the same for the same reasons assigned for striking the original answer and cross-petition, and this motion was denied. The plaintiffs then filed a reply to the cross-petition of the defendant, Hildreth, alleging that said land was the homestead of one of the plaintiffs, Percella Cary. she having acquired the same under the homestead laws of the United States, and denying that the defendant, Hildreth, was the owner or had any right, title or interest in and to said land, and prayed for judgment for possession of said land and for damages, in keeping with the prayer of the original petition in said cause.

The record shows that Andy McKnight made entry upon the lands in question, prior to 1894, for the purpose of homesteading it. After residing on the land for sometime, the said Andy McKnight died in 1894, and left surviving him the plaintiffs herein, as his heirs. Percella Cary, one of the plaintiffs, married in 1895, and she and her husband continued to reside on said land, and on December 21, 1899, caused a patent to be issued to said land to the "Heirs of Andy McKnight, deceased." In 1902, Percella Cary moved off of the land and neither she nor any of the heirs of Andy McKnight, have resided thereon since that time. In 1899, Percella Cary and all of the other heirs of Andy McKnight, deceased, except Richard McKnight, whose whereabouts was unknown, executed a mortgage on said land to Annie Davis, and on February 23, 1903, said mortgage, by decree of court, was foreclosed and on October 6, 1903, said land, under order of court, was sold by the sheriff to satisfy the judgment rendered in said cause, and was purchased by Walton C. Frank, and on December 3, 1903, said sale was duly confirmed by the court, and a sheriff's deed was issued to the purchaser, Frank, on December 21, 1903; on November 15, 1909, Frank sold and conveyed said land to Charles Brown, and on May 3, 1913, Brown mortgaged said land to the Jefferson Trust Company; on September 20, 1915. this mortgage was foreclosed by judgment of the court and the land was sold by the sheriff under order of the court on May 1, 1916, to the Jefferson

Trust Company, and said sale was confirmed and sheriff's deed issued to the Jefferson Trust Company on June 5, 1916; on July 24, 1916, the Jefferson Trust Company sold and conveyed said land to the defendant, John J. Hildreth, and Hildreth leased the land to Charles Brown, who is in possession thereof.

This action was commenced on May 23, 1921. The record shows that Hildreth and those through whom he claims title have been in possession of said land since 1903.

The plaintiffs contend that the court erred in permitting Hildreth to intervene in said action. The record shows that Hildreth is not an intervener, but is a party defendant. When the original defendants, Rufus and Annie Bowen, set out in their answer that they were tenants of Hildreth and that Hildreth was the real party in interest and asked the court to enter an order making Hildreth a party defendant to said action, Hildreth was a proper party defendant under the provisions of section 225, Comp. Stat. 1921. It is true that the record fails to show that a formal order was made by the court directing Hildreth to be made a party defendant, yet, the record does show that, after the answer of Rufus and Annie Bowen was filed, Hildreth did file an answer as a defendant in said action and when the plaintiffs filed a motion to strike said answer for the reason that the same was not authorized by an order of court, the court refused to strike the same and this, in effect, is an order of the court that Hildreth be made a party defendant within the terms of section 225, Comp. Stat. 1921.

The plaintiffs next contend that the judgment rendered by the court on February 23, 1903, foreclosing the mortgage from Percella Cary et al. to Annie Davis, was void for the reason that service on the defendant was procured by publication and that the affidavit to procure such service was totally defective and was insufficient to give the court jurisdiction; that this judgment is the foundation of the claim of the defendant, Hildreth, of his title to the real estate in question. The plaintiffs contend that if this judgment was void there could be no adverse possession and the statute of limitations was never set in motion; that the purchaser of said lands at the sheriff's sale, under the void judgment, acquired no greater rights or interest than mortgagees in possession, which did not

constitute the purchaser an adverse claimant to the mortgagees title to the property in question.

The question is not so much whether the foreclosure proceedings were void, but whether the purchaser purchased the property at the foreclosure sale and entered into possession thereof in good faith, believing he acquired the title thereto by virtue of his purchase and of the sheriff's deed, after the sale was confirmed by the court, and has been holding said property openly and notoriously and asserting title thereto adverse and hostile to the title claimed by the mortgagee and all other persons, and that such possession and occupancy of the premises has continued for such a length of time as required by statute to bar an action to redeem the premises; and that such adverse possession and claim of title have been brought home to the mortgagor. Turk v. Page, 68 Okla. 275, 174 Pac. 1081.

While the purchaser at the foreclosure sale, which may be admitted to be void for the purpose of this case, was not the mortgagee, yet the principle announced in Turk v. Page, supra, is applicable here.

The plaintiffs further contend that the record shows that the defendant, Hildreth, bought the land in 1916, and had been in possession only a little more than five years at the time this action was commenced, and, therefore, the right of plaintiffs to redeem said land was not barred. The adverse possession is not restricted to the defendant, Hildreth, alone, but is computed by the length of time the defendant and those, through whom he claims title, have occupied and been in the possession of said lands; and, under the evidence in this case, that has been for a period of more than 15 years prior to the commencement of this action.

The plaintiffs complain of the action of the trial court in refusing to give certain requested instructions, and contend that the court erred in the giving of certain instructions to the jury. These questions cannot be considered here for the reason that the plaintiffs failed to except to the action of the court in this regard.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.