## GILBERT v. CONSERVATIVE LOAN & TRUST CO. et al.

No. 19070.   Opinion Filed June 4, 1929.

Rehearing Denied Sept. 10, 1929.

Clarence Robison, for plaintiff in error.

J. E. Whitehead and Charles E. Wells, for defendants in error.

LEACH, C.  On August 27, 1926, W. W. Gilbert commenced this action in the district court of Pottawatomie county against the Conservative Loan & Trust Company, Cade & Fluke, its receivers, and any unknown mortgages or lienholders claiming title to the described land, as defendants, wherein the plaintiff, Gilbert, set up in his petition a tax deed issued him on February 16, 1926, describing 40 acres of land, and prayed judgment canceling two certain mortgages alleged to have been given upon the land prior to the date of the tax deed, and prayed that the defendants be barred from any right, title, or equity in the land, and that his title thereto be quieted. Personal service of summons was had upon the Conservative Loan & Trust Company and its receivers, and publication notice of suit was given the other defendants, answer day being fixed in such notice on October 15, 1926.

The receivers filed their answer in the cause disclaiming any interest in the land, and alleged that the two mortgages originally held by the Conservative Loan & Trust Company on the land involved had been duly sold and assigned to certain named parties. On December 11, 1926, the Union Mortgage Company filed a pleading in the cause entitled "Petition of Intervention," wherein it alleged it was the holder and owner as assignee of a valid mortgage on the land involved and of a $400 note secured thereby; alleged various defects in the tax proceedings under which the plaintiff acquired his tax deed; among such allegations it was stated:

"That the county treasurer of Pottawatomie county, Okla., failed to legally advertise said land and give notice as required by law of the pretended tax sale held in Pottawatomie county, Okla., at the time said land was sold for delinquent taxes. That if any notice whatever was given, which fact this intervener denies, that the same lacks the legal requirements and statement necessary to a valid notice and did not give notice of the time and place of said sale

and of the legal description of said land, and did not state the kind and character of the delinquent taxes, whether general or special, or the years for which the said taxes were claimed to be delinquent. * * * That said notice * * * was wholly void and insufficient to confer jurisdiction or authority upon the said county treasurer * * * to make sale of said land"

—and prayed that it, Union Mortgage Company, be permitted to redeem the land by payment of any taxes due thereon; that the plaintiff's tax deed be canceled, and for equitable relief.

Plaintiff filed motion to strike the pleading of the Union Mortgage Company, which motion was denied, and thereafter plaintiff filed motion to make the pleading of the Union Mortgage Company more definite and certain by attaching thereto copies of the mortgage, note, assignment, and instruments under which it claimed its interest in the land, which motion was overruled and the plaintiff filed a general denial.

Upon trial of the cause, the court rendered judgment for the Union Mortgage Company, authorizing it to redeem the land from the tax sale, and canceling plaintiff's tax deed upon the ground that the notice of tax sale was not in conformity with the statutes. After denial of motion for a new trial, the plaintiff brings this appeal.

It is first argued that the trial court erred because it failed to sustain the motion of the plaintiff to strike the interplea of the Union Mortgage Company. The motion to strike was based upon the ground that the pleading was filed out of time without permission of the court, and because the same failed to show any interest of the interpleader in the action. No specific argument or authority is cited by appellant to show error in the action of the trial court except our attention is called to the provision of section 253, C. O. S. 1921, relating to time of filing pleadings and a case from the state of Kansas to the effect that a pleading filed out of time is a nullity. While the Union Mortgage Company styled its pleading as "Petition of Intervention," and itself as an interpleader, yet it could and might rightly be classed as one of the original defendants in the action because it was an assignee of a mortgage or a lienholder claiming an interest in the land as named and described in plaintiff's petition as a defendant and as published in the notice of suit.

Section 225, Comp. Stat. 1921, reads:

"When, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party, the court may order it to be done."

Section 285, Comp. Stat. 1921, reads:

"The court, or any judge thereof, in vacation, may, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this article, or by an order enlarge such time."

"Section 4757, Rev. Laws 1910, vests the trial judge with a discretion to permit pleadings to be filed out of time, and his decision thereon will only be reversed here when it is shown that such discretion has been abused to the prejudice of the complaining party." Funnell v. Conrad, 74 Okla. 29, 176 Pac. 904.

In the syllabus in the case of Heirs of McKnight v. Bowen, 110 Okla. 9, 235 Pac. 541, it is said:

"In an action to recover real or personal property, it is proper to make any person, having or claiming an interest in the property, a party to said action"

—and in the body of the opinion, it is said:

"It is true that the record fails to show that a formal order was made by the court directing Hildreth to be made a party defendant, yet, the record does show that, after the answer of Rufus and Annie Bowen was filed, Hildreth did file an answer as a defendant in said action, and when the plaintiffs filed a motion to strike said answer for the reason that the same was not authorized by an order of court, the court refused to strike the same, and this, in effect, is an order of the court that Hildreth be made a party defendant within the terms of section 225, Comp. Stat. 1921."

The pleading of the Union Mortgage Company appears to be sufficient to show its interest in the land involved in the action, and under the above authorities no abuse of discretion or error is shown in the action of the trial court in refusing to strike the pleading.

In the brief of the plaintiff, there are assignments of error and some complaint and argument made thereon based on the alleged error of the trial court in overruling the motion of the plaintiff to make the pleading of the Union Mortgage Company more definite and certain; also, in forcing the plaintiff to trial when the cause had not been at issue ten days. No such specific assignments of error are to be found in the petition in error filed herein; neither are they set forth as ground for a new trial, and we find no general assignment of error or grounds for a new trial in the motion

for a new trial under which the alleged errors might be properly presented, and therefore they are not properly before us for consideration. Sarlls v. Hawk, 46 Okla. 343, 148 Pac. 1030; Baker v. Citizens' State Bank of Okeene, 74 Okla. 182, 177 Pac. 568. Nevertheless, we have examined the record upon the matters complained of, and fail to find wherein plaintiff was materially prejudiced by failure to have his motion sustained. The record fails to show any objection on the part of the plaintiff to proceeding to trial on or before the date of trial. No contention is made by the plaintiff that he was not ready for trial or that he was in any manner prejudiced by proceeding to trial. The last above alleged error is not supported by the record, and is without merit.

It is next contended, under the assignment, "that the court erred in admitting evidence over objection of plaintiff," that the tax deed under which plaintiff claimed title was valid on its face, and that the Union Mortgage Company failed to clearly plead facts sufficient to defeat the same, citing Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, and the provisions of section 9751, C. O. S. 1921, relating to cancellation of tax deed. It is alleged in the pleading of the Union Mortgage Company that it is the holder and owner of a valid mortgage on the land involved and of the note secured thereby, describing the mortgage, and alleged, among other defects, as hereinbefore set out, the insufficiency of the notice of sale and the proceedings under which the tax deed was issued.

Section 9741, C. O. S. 1921, as amended by Session Laws 1923, c. 158, sec. 1, reads in part:

"In case the owner of real estate, or any person having any legal or equitable interest therein is desirous of redeeming the same from sale to the county for delinquent taxes, he shall have the right to do so at any time before such real estate is conveyed by deed to a purchaser of such property as herein provided, by paying the county treasurer the amount of all taxes, penalties, interest and costs of sale up to the date of such redemption. * * *"

No motion was presented to make the pleading more definite and certain upon the points and allegations of the pleadings here and now complained of, and we are of the opinion that the pleading was sufficient to warrant the introduction of the evidence complained of.

It is next and finally contended that the defendant Union Mortgage Company failed to establish that the tax deed was not issued in the manner and form as required by law. This action was commenced within less than one year of the date of the issuance of the tax deed involved, and even though it be conceded that the tax deed is valid on its face, it was competent to introduce in evidence and show the proceedings relating to and under which the tax deed was issued. The trial court found the publication notice of sale under which the deed was issued insufficient, and apparently based its judgment canceling the deed on that ground. The land described in the deed involved in this action is the N. E. ¼ of the S. E. ¼ of sec. 5, township 8, range 3, while the notice of sale of real estate under which the deed was issued described the particular land as being located in section 5, range 8, township 3.

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory." Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666; Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1039.

See, also, Felt v. Schaub, 134 Okla. 193, 272 Pac. 830.

"Failure to give notice of the sale of real property prescribed by the statute is fatal to the validity of a sale thereof for delinquent taxes." Davenport v. Doyle, 57 Okla. 341, 157 Pac. 110.

"Under the resale law, as enacted by the Oklahoma Legislature in the session of 1919, appearing as section 9744, Comp. Stat. 1921, and previous to the amendment thereto in the legislative session of 1923, the treasurer was required to advertise the property in the name of the last record owner as appeared in the office of the county clerk; and where the treasurer failed to give such notice in the name of the last record owner as appeared in the county clerk's office, the notice was insufficient to authorize the sale of said property at resale; and the sale and treasurer's resale deed based upon such insufficient notice, is invalid and void." Adams v. Heirs of McKinney, 98 Okla. 144, 224 Pac. 692.

In the case of Stout v. Mastin, 139 U. S. 151, 35 L. Ed. 127, an action arising upon a tax deed issued in the state of Kansas, the United States Supreme Court, speaking through Mr. Justice Brewer, said in the syllabus of that case:

"If the description in a tax deed is a departure from that contained in the assessment roll and prior tax proceedings, such prior prescription, if imperfect and insufficient, avoids the deed, although the description in the latter may be sufficient and complete"

—and in the body of the opinion:

"While it is sufficient to describe lands in all proceedings relative to assessing, advertising, or selling the same for taxes, by initial letters, abbreviations and figures to designate the township, range, section or parts of section, and also the number of lots and blocks; and while it is competent for the county clerk, instead of using such initial letters, abbreviations and figures in tax deeds executed by him, to write out in full the words which such initial letters, abbreviations, etc., represent,—yet he is not to make any material or substantial variance in the description of the property inserted in the deed from that set forth in the prior tax proceedings upon which it is based."

"The statute provides that a tax deed, among other things, is presumptive evidence that the property was sold for taxes as stated in the deed. Record examined, and held, that although the tax deed in this case recites, among other things, that the real estate was bid off by the county and certificate of purchase duly issued to plaintiff, proof that the county was not noted as the purchaser in the records of the county treasurer, clearly overcomes such presumption from the recitation in such tax deed and defeats same." Gaston v. Caruth, 116 Okla. 146, 243 Pac. 192.

We are of the opinion that the description of the land as contained in the notice of sale was fatally defective, and the notice of sale insufficient to authorize the sale or sustain the deed issued thereunder.

Finding no reversible error in the judgment of the trial court, the same is affirmed.

HERR, DIFFENDAFFER, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.