## BOND *et al.* v. COOK *et al.*

### No. 737. Opinion Filed March 21, 1911.

#### (114 Pac. 723.)

1. **APPEAL AND ERROR—Motion for New Trial—Necessity.** Same as paragraph 1 of the syllabus in **Powell, et al. v. Nichols et al.,** 26 Okla. 734, 110 Pac. 762.

2. **APPEAL AND ERROR—Case-Made—Extension of Time.** Where a motion for a new trial in the trial court is unnecessary for matters complained of by the plaintiffs in error to be reviewed by this court upon a proceeding in error, an order of the trial court, made after three days from the time the order sought to be reviewed is entered, but within three days after the motion for a new trial had been overruled, which had been timely filed, is invalid for the purpose of extending the time for the settling of the case-made.

(Syllabus by the Court.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Action by W. A. Cook and others against J. J. C. Bond and others. An appeal from justice court was dismissed. From an order refusing a new trial, defendants bring error.

*J. J. Henderson,* for plaintiffs in error.
*Randolph & Haver,* for defendants in error.

WILLIAMS, J. On the 21st day of January, A. D. 1909, by motion of the plaintiffs (defendants in error), the appeal from the justice court was dismissed, and the cause remanded to said court, to be proceeded with the same as if no appeal had been taken. On January 22, 1909, the plaintiffs filed a motion for a new trial. On February 6, 1909, said motion was overruled, at which time the court allowed plaintiffs 60 days to make and serve case-made, 10 days for amendments, and 5 days for settling same.

It is urged that, as the motion for a new trial was not necessary, the case-made should have been settled within three days from the dismissal of the appeal, or the order extending the time

MARCH TERM, 1911.—Vol. XXVIII.        447

therefor should have been made within such time. This contention seems to be correct. *Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co.,* 23 Okla. 824, 102 Pac. 708.

In *Powell et al. v. Nichols,* 26 Okla. 734, 110 Pac. 762, it was held by this court that the filing and determining of a motion for a new trial of a contested question of fact, not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing. As the question sought to be reviewed in this case could only be preserved by a case-made, or a bill of exceptions, it is not properly before this court.

The proceeding in error must be dismissed.

All the Justices concur.