COWART v. PARKER-WASHINGTON CO. *et al.*

No. 5308. Opinion Filed October 28, 1913.

(136 Pac. 153.)

1. **APPEAL AND ERROR**—Time for Appeal—Extension. Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal.

2. **SAME**—Motion for New Trial—Necessity. A motion for new trial is unnecessary to enable this court to review the action of the trial court in sustaining an objection to the introduction of any evidence by a plaintiff upon the ground that his petition fails to state a cause of action.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Nannie Cowart against the Parker-Washington Company and the city of Muskogee. Judgment for defendants, and plaintiff brings error. Dismissed.

*Harry F. Eagan* and *Campbell & Beall,* for plaintiff in error.

*Gibson & Thurman, S. V. O'Hare,* and *J. C. Davis,* for defendants in error.

HAYES, C. J. This proceeding in error is prosecuted by petition in error and case-made. Defendants in error have filed a motion to dismiss the proceeding, upon the ground that the case-made is a nullity because not served within the time provided by statute. The appeal seeks to reverse an order of the trial court sustaining an objection by defendants in error, defendants

below, to the introduction of any testimony on the part of plaintiff in error, plaintiff below, for the reason that plaintiff's petition failed to state a cause of action. Said order was made on the 1st day of October,.1912, at which time the court, upon sustaining the objection to the introduction of any testimony, dismissed plaintiff's action. At that time section 6074, Comp. Laws 1909 (Rev. Laws 1910, sec. 5242), was in force. By this section it is provided that a case-made or a copy thereof must, within three days after the judgment or order is entered, be served upon the party or his attorney, unless within said period of time an extension of time for the service of the case-made is granted. No extension of time was asked for or granted within three days after the order complained of was entered; but a motion for new trial was filed, which was on February 21, 1913, overruled. Within three days thereafter an extension of time to serve the case-made was granted, and the case-made was served within that time.

It is the contention of plaintiff that, the case-made having been served within an extension of time granted within three days after the overruling of the motion for a new trial, it is a valid case-made. It is well settled that, where a motion for new trial is unnecessary to present for review to this court· an order or judgment complained of, the filing of such motion and decision thereon by the court are ineffectual for the purpose of extending time within which to perfect an appeal, and that the time begins to run from the rendition of the judgment or order complained of, and not from the order overruling the motion for new trial. *Healy v. Davis,* 32 Okla. 296, 122 Pac. 157; *Manes v. Höss,* 28 Okla. 489, 114 Pac. 698; *Springfield Fire & Marine Ins. Co. v. Gish-Brook & Co.,* 23 Okla. 824, 102 Pac. 708.

The principal question presented by the motion to dismiss is, therefore, whether a motion for new trial is necessary to present to this court for review an order of the trial court sustaining an objection to the introduction of any evidence by plaintiff upon the ground that his petition does not state a cause of action. This question was referred to in *M., O. & G. Ry. Co.*

*v. McClellan,* 35 Okla. 609, 130 Pac. 916, in the following language:

"Referring to the fourth assignment, it has been suggested that, in *Goulding et al. v. Eidson et al.,* 2 Kan. App. 307, 43 Pac. 104, it was held that the ruling of a trial court sustaining an objection to the introduction of evidence under the answer of the defendant on the ground that it stated no defense was an error of law occurring at the trial, for which a new trial could be granted by the trial court, and will be deemed waived on appeal when a motion for a new trial was not filed; but we do not deem it material to decide whether such a ruling must be presented by a motion for a new trial in order to be presented for review in this court, for it may be objected to for the first time in this court that a petition does not state a cause of action.   *   *   * "

It will be observed from the foregoing quotation that the question was not decided in that case. We think, however, both upon reason and authority, that it must be held that a motion for a new trial is not necessary to review such an order. The purpose of a motion for new trial is to procure a re-examination of an issue of fact in the same court. Where there has never been any examination of an issue of fact, there can be no re-examination or new trial. The objection to the introduction of any evidence raises no issue of fact. Such an objection is frequently resorted to under our practice to challenge the sufficiency of a petition, and, when such objection is made, the sole question presented to the trial court is whether the petition contains sufficient facts to constitute a cause of action. In other words, such objection raises the same question as a demurrer to the petition. The issue raised is one of law, and a motion for new trial is not necessary to review a decision determining an issue of law. *Dodge City Water-Supply Co. v. City of Dodge City,* 55 Kan. 60, 39 Pac. 219; *Nute v. American Glucose Co.,* 55 Kan. 225, 40 Pac. 279. Plaintiff in error, however, insists that the trial court made findings of fact; but the record does not support this contention. Upon considering the objection to the introduction of any evidence, the court did make the following order:

"And the court having found from the petition that the death of the plaintiff's husband occurred on the 2d day of January,

1910, more than two years prior to this day, and that an amendment to said petition so as to state the statutory cause of action for death would amount to the stating of a new cause of action and a departure from the original petition, and would be barred by the statute of limitations, it is therefore considered, ordered, and adjudged by the court that the objections of the defendants be sustained, and that this cause be dismissed."

This does not, however, constitute a finding of fact upon any issue of fact; it is but a statement of the facts alleged in the petition. There was in fact no trial and the introduction of no evidence upon which any issue of fact could have been determined.

It follows from the foregoing views that the case-made, not having been served within the time prescribed by the statute, is a nullity, and the motion to dismiss should be sustained.

All the Justices concur.