## ROBE *et al.* v. FULLERTON-STUART LUMBER CO.

No. 6939.   Opinion Filed June 15, 1915.

(149 Pac. 1157.)

1.  **APPEAL AND ERROR—Presenting Questions in Lower Court—Motion for New Trial.** The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing.

2.  **APPEAL AND ERROR—Case-Made—Time for Settlement.** Where a motion for new trial is unnecessary to secure a review in this court of matter complained of by plaintiff in error, an order of the trial court, made after 15 days from the time the order sought to be reviewed is entered, but within 15 days after the motion for a new trial, timely filed, had been overruled, is invalid for the purpose of extending the time for settlement of the case-made.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by the Fullerton-Stuart Lumber Company, a corporation, against T. L. Robe and others. Judgment for the plaintiff, and defendants Robe and wife bring error. Writ of error dismissed.

*James M. Hayes,* for plaintiffs in error.

*Cochran & Ellison,* for defendant in error.

PER CURIAM. On July 8, 1911, the Fullerton-Stuart Lumber Company, in the district court of Okmulgee county, commenced this action against June J. Curry and J. H. Craig, partners, on an open account for lumber and material, and against Ellen Robe and her husband, T. L. Robe, to have a lien declared upon certain real estate owned by them, upon which this building material had been used. After demurrer confessed to his petition, plaintiff amended the same, whereupon defendants, after securing time to answer, defaulted, and the cause went to

Robe et al. v. Fullerton-Stuart Lumber Co.

trial *ex parte.* Thereupon the court made findings of fact and rendered and entered personal judgment against defendants Curry and Craig for a sum certain in favor of plaintiff and declared a lien upon the land and ordered it sold to satisfy the debt. While proceedings were pending for the sale of the property, defendants moved the court on November 17, 1913, to set aside and vacate said judgment for the reason that they were not notified of the filing of the amended petition. After various affidavits were filed pro and con on the proposition of whether or not they were, on March 17, 1914, the court overruled the motion, whereupon, that same day, defendants filed their motion for new trial, the object of which was to have the court review its ruling on the motion to vacate; and when the same was overruled, which it was on May 4, 1914, defendants were given 45 days to make and serve a case-made for appeal to this court, which was later extended 30 days.

Motion is now made to dismiss this appeal for the reason that the case-made was not served within the time allowed by statute. Defendant in error contends that the time in which to make and serve case-made began to run from the overruling of the motion to set aside the judgment, and, as the motion for new trial was unnecessary, it did not operate to extend the time to make and serve the case-made. This contention is correct. *Powell v. Nichols et al.,* 26 Okla. 734, 110 Pac. 762, 29 L. R. A. (N. S.) 886; *Bond v. Cook,* 28 Okla. 446, 114 Pac. 723; *Williamson v. Adams,* 31 Okla. 503, 122 Pac. 499; *Cowart v. Parker-Washington Co.,* 40 Okla. 56, 136 Pac. 153. By section 5244, Rev. Laws 1910, a party desiring to appeal has 15 days after the judgment or order is rendered to serve copy of case-made upon the opposing party or his attorney.

As this case was not served within the statutory period or within any extension of time made within such statutory period, and as the errors complained of cannot be reviewed on a transcript of the record, the appeal is dismissed.