## McLAUGHLIN v. SHAW et al.

No. 7828—Opinion Filed May 22, 1917.

Rehearing Denied June 19, 1917.

(166 Pac. 84.)

Appeal and Error—Order Vacating Default Judgment—Motion to Set Aside Order—Case-Made.

Where it is sought to have reviewed an order of the trial court vacating a default judgment, a motion to set aside order to vacate is not necessary, and presenting such motion does not enlarge the time for making and serving case-made. Such time runs from the date of the order vacating the default judgment, and not from the date of the order refusing to set aside order vacating such judgment.

(Syllabus by West, C.)

Error from District Court, Canadian County; Edward Dewes Oldfield, Judge.

Action by T. S. McLaughlin against C. D. Shaw and Mary E. Shaw. From an order vacating a default judgment, plaintiff brings error. Dismissed.

R. B. Forrest, for plaintiff in error.

Hinch & Bradley, for defendants in error.

Opinion by WEST, C. The plaintiff in error, who was plaintiff below, brought this proceeding to have reviewed the action of the trial court in refusing to set aside an order vacating and setting aside a default judgment. The defendants have filed a motion to strike plaintiff in error's brief and dismiss appeal. One of the grounds of the motion is that the case-made attached to the petition in error was not served on defendants in error within the time provided by law, nor within the time allowed for such service by the district court of Canadian county.

It appears from the record that plaintiff secured a default judgment against defendants, and that thereafterwards there were filed a number of motions to set aside the default judgment. The last of such motions was sustained by the court on the 25th day of September, 1915, and appears to have been heard and considered upon the verified motions filed by the defendants. On the 28th day of September, 1915, plaintiff filed a motion to set aside this order, which was heard and overruled on the 9th day of October, 1915. Plaintiff saved his exceptions to this action of the court, prayed an appeal, and was granted 30 days in which to prepare and serve case-made, and the case was served on the 29th day of October, 1915. The act complained of by plaintiff, as presented in his brief, is the sustaining of defendant's motion to vacate said default judgment. This action of the court being upon a verified motion, a motion to review this action by a motion to set aside this order, as was done in this case, or motion for new trial, was unnecessary to authorize the Supreme Court to review the order made upon such hearing. Robe v. Fullerton-Stuart Lumber Co., 47 Okla. 617, 149 Pac. 1157, and cases cited.

In the instant case it is our opinion that the time in which to make and serve case-

made began to run from the date of the order of court sustaining motion to set aside the default judgment, and the motion filed by plaintiff to set aside the order vacating the default judgment was unnecessary, and would therefore not operate to extend the time to make and serve case-made. In the Robe v. Fullerton-Stuart Lumber Co. Case, supra, a motion to set aside default judgment was filed, as in this case, and was overruled on March 17, 1914, the same day motion for new trial was filed, which was overruled on May 4, 1914, at which time the defendants were granted 45 days to prepare and serve case-made. This court, in passing on the motion to dismiss the appeal in that case, says:

"Defendant in error contends that the time in which to make and serve case-made began to run from the overruling of the motion to set aside the judgment and, as the motion for new trial was unnecessary, it did not operate to extend the time to make and serve the case-made. This contention is correct. Powell v. Nichols et al., 26 Okla. 734, 110 Pac. 762 [29 L. R. A. (N. S.) 886] ; Bond v. Cook, 28 Okla. 446, 114 Pac. 723 ; Cowart v. Parker-Washington Co., 40 Okla. 56, 136 Pac. 153."

See Soliss v. Davis, County Judge, 28 Okla. 496, 114 Pac. 609.

Inasmuch as the court in the instant case granted only 30 days in which to prepare and serve case-made, and as the additional motion filed by plaintiff was unnecessary, and unavailing to enlarge the time for making and serving case-made, it is our opinion that the action of the court on said motion to set aside order vacating a default judgment did not operate to extend the time to make and serve case-made, and as case-made was served more than 30 days after September 25, 1915, the date on which the court sustained motion to vacate said judgment, this being the action complained of by plaintiff, that this case was not served in time, and that motion to dismiss should be sustained; it is so ordered.

By the Court: It is so ordered.