## McDONELL v. CONTINENTAL SUPPLY CO. et al.

No. 9832—Opinion Filed Sept 7, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Time for Appeal—Extension—Effect of Motion for New Trial.**

Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to effect an appeal.

**2. Same—Failure to File Petition in Error in Time—Dismissal.**

Where a petition in error is not filed in the Supreme Court within the time allowed by law, the filing thereof confers no jurisdiction on the Supreme Court and same will be dismissed.

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action between George B. McDonell and the Continental Supply Company and others. From the judgment, McDonell brings error. Dismissed.

R. W. Kellough and Franklin H. Griggs, for plaintiff in error.

H. M. Gray and Randolph, Haver and Shirk, for defendants in error.

JOHNSON, J. The record discloses that on the 1st day of June, 1917, the plaintiff

recovered a judgment against the principal defendant in the case by default for the principal sum of $478.95 and $57.85 as attorneys' fees, together with the costs of the action. That thereafter, on July 10, 1917, execution issued thereon, upon which a return was made on July 12, 1917, with an indorsement of no property found. And thereafter a garnishment was sued out, and on August 9, 1917, duly served upon the Oklahoma State Oil Company, a corporation, as garnishee, and such garnishee was on September 17, 1917, ordered to pay certain monies owing by it as disclosed by its answer to the clerk of said court, to be applied on the judgment aforesaid. Thereafter, on September 13, 1917, the plaintiff in error filed its motion to vacate said order, supported by affidavit, which the court heard and on September 22, 1917, made its order denying the same. Motion for new trial was filed on September 24, 1917, and was denied by the court on September 26, 1917. The plaintiff in error filed a petition in error in this court on March 25, 1918.

On August 4, 1920, the defendant in error, The Continental Supply Company, filed its motion to dismiss the appeal herein for the reason that the said proceedings in error were not commenced within the time limited by law, in that the record shows the rendition of judgment sought to be appealed from on the 17th day of September, 1917, and that the motion to vacate was filed on the 18th day of September, 1917, which was denied on the 22nd day of September, 1917, as aforesaid; and that more than six months had elapsed between the date of denying said motion on September 22nd and the filing of the petition in error herein on the 25th day of March, 1918; that the filing of the motion for new trial on September 24, 1917, did not extend the time, for the reason that the filing and determining of a motion for new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing. To this motion no response has been filed.

We think this contention of counsel is correct and must be sustained. Such was the holding of this court in the case of Robe et al. v. Fullerton-Stuart Lumber Co., 47 Okla. 617, 149 Pac. 1157, wherein in paragraph 1 of the syllabus, it is said:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

To the same effect is Bond v. Cook, 28 Okla. 446, 114 Pac. 723; Williamson v. Adams 31 Okla. 503, 122 Pac. 499; Powell v. Nichols, 26 Okla. 734, 110 Pac. 762.

It is equally settled by the decisions of this court that where a motion for new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to effect an appeal. Chestnut et al. v. Overholser, 75 Okla. 190, 182 Pac. 683; Carey v. Vickers, 53 Okla. 569, 157 Pac. 299; Cowart v. Parker-Washington Co. et al., 40 Okla. 56, 136 Pac. 153; St. L. & S. F. R. Co. v. Nelson, 40 Okla. 143, 156 Pac. 590. The record discloses that the judgment and order complained of was rendered on September 22, 1917, and that the six months period in which an appeal must be lodged in this court expired on March 22, 1918, and the petition in error not having been filed until March 25, 1918, the same did not confer jurisdiction upon this court to review the action of the trial court.

Therefore the motion of the defendant in error to dismiss the appeal herein must be sustained, and it is so ordered.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, HIGGINS, BAILEY, and RAMSEY, JJ., concur.