## OXFORD v. STATE.

No. 9683—Opinion Filed Nov. 30, 1920.

Rehearing Denied Jan. 7, 1921.

(Syllabus by the Court.)

**Appeal and Error—Time for Proceedings—Motion for New Trial.**

Where no errors occurring at the trial are sought to be reviewed and the issue raised is one of law, a motion for new trial is not necessary to have the judgment reviewed, and therefore has no effect in extending the period from which the time for appealing would begin to run.

Error from County Court, Tillman County.

Action by the State of Oklahoma against Jeff Oxford. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

Mounts & Davis, for plaintiff in error.

W. C. Lukenbill and Jno E. Williams, for defendant in error.

RAINEY, C. J. This cause was submitted June 8, 1920, on motion of defendant in error to dismiss the appeal. No response has been filed to this motion to dismiss. It is therein urged that the appeal should be dismissed because not taken within the time provided by law.

It appears that the county court of Tillman county, on July 25, 1912, entered a judgment against plaintiff in error, Jeff Oxford; that on July 17, 1916, an order was made purporting to vacate such judgment; that on June 26, 1917, an order was made setting aside the order of July 17, 1916, and modifying said judgment, reinstating same, and reducing the amount adjudged payable from $1,200 to $1,000. It is alleged that a motion for rehearing on this order was filed. The appeal was not filed in this court until December 29, 1917, more than six months from the rendition of said order.

The motion for rehearing or new trial would not operate to extend the time within which the order might be appealed from, for the reason that in order to have same reviewed in this court no motion for new trial was necessary. A new trial is a re-examination of an issue of fact, and an issue of fact arises upon the pleadings. The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing. Powell et al. v. Nichols et al., 26 Okla. 734; McDermott v. Halleck, as Receiver, et al., 65 Kan. 403; Burdick on New Trials and Appeals, sec. 99, page 66. Where the issue raised is one of law, a motion for new trial is not necessary to have the decision determining same reviewed. Cowart v. Parker-Washington Co. et al., 40 Okla. 56, 136 Pac. 153; Robe et al. v. Fullerton-Stuart Lumber Co., 47 Okla. 617, 149 Pac. 1157; Williamson et al. v. Adams et al., 31 Okla. 503, 122 Pac. 499; Bond v. Cook, 28 Okla. 446, 114 Pac. 723; Dodge City Water Supply Co. v. City of Dodge City, 55 Kan. 60, 39 Pac. 219; Nute v. American Glucose Co., 55 Kan. 225, 40 Pac. 279.

The subsequent proceedings and orders were in no manner a trial of the cause, and the motion for new trial or rehearing could have no effect in extending the period from which the time for appealing began to run. The order modifying and reinstating the judgment was made June 26, 1917, and the appeal therefrom was not filed within six months thereafter as provided by law.

The motion is therefore sustained and the appeal dismissed.

All the Justices concur.