**CORRELL et al. v. SHEPHERD.**

No. 13086—Opinion Filled March 18, 1924.

Rehearing Denied July 1, 1924.

(Syllabus.)

**Appeal and Error—Lack of Notice of Settlement of Case-Made—Dismissal.**

Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court. and the appeal will be dismissed.

Walker et al. v. Buckmaster, 90 Okla. 285, 217 Pac. 484.

Error from County Court, Osage County; G. B. Sturgell, Judge.

Action by E. E. Shepherd against R. A. Correll; the Deposit Guaranty State Bank of Ponca City, Okla., intervener. From a judgment in favor of plaintiff, defendant and intervener appeal. On motion to dismiss appeal. Appeal dismissed.

Leahy, Macdonald, Holcombe, Lohman & Files, for plaintiff in error.

Johnson & Johnson, for defendant in error.

MASON, J. This action was commenced by the defendant in error, E. E. Shepherd, as plaintiff, against R. A. Correll; the Deposit Guaranty State Bank of Ponca City, Okla., interpleading. Judgment was rendered for the plaintiff, and Correll and the bank have appealed. Defendant in error has filed his motion to dismiss the appeal for the reason that no notice of the time and place of settling and signing the case-made was ever served upon the defendant in error; that he did not waive the service of said notice and that he did not appear in person or by attorney at any time or place for the settling and signing of the same.

An examination of the record disclosed that no notice was served nor was service thereof waived. The certificate of the trial judge shows that the plaintiffs in error presented the case-made to him for settlement and signing, but it nowhere appears that the defendant in error was present.

Plaintiffs in error in their response contend that because said certificate shows that defendant n error objected to the action of the court in disallowing his suggested amendments to the case made, he must have been present and thereby waived the service of said notice.

It is also contended that the only purpose of such notice is to allow the defendants in error time to file suggested amendments to the case-made, and inasmuch as this was done. the failure to serve said notice was not prejudicial to the rights of the defendant in error.

We cannot agree with either contention. The defendant in error states in his motion, which is sworn to, that he had no notice of the time and place of settling the case-made; that he did not waive the notice of same and was not present when the same was settled and signed. In answer to the second proposition it may be urged that the trial court may not have overruled the sug-

gested amendments if the defendant had had an opportunity to be present and present them. This, however, is immaterial, inasmuch as this court has held that the giving of said notice or the waiving thereof is jurisdictional. Hubbard v. Meek et al., 60 Okla. 46, 160 Pac. 1128.

In the case of Walter et al. v. Buckmaster, 90 Okla. 252, 217 Pac. 484, this court held as follows:

"Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice in the absence of an appearance or waver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed."

It is clear from the rule announced that the motion to dismiss the appeal is well taken. The appeal is accordingly dismissed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and WARREN, JJ., concur.