Note.—See under (1) 39 Cyc. p. 372. (2) 39 Cyc. p. 301. (3) 39 Cyc. p. 372.

---

### BALL v. LYNCH et al.

No. 17497—Opinion Filed July 20, 1926.

Rehearing Denied Nov. 9, 1926.

(Syllabus.)

1. **Appeal and Error—Time for Making and Serving Case-Made not Extended by Unauthorized Motion for New Trial.**

The filing and determination of a motion for a new trial is not necessary to authorize this court to review an order of the trial court made in disposing of a motion, by one of the parties, to set aside a writ or order of the trial court, and a motion for a new trial is unauthorized in such proceeding and does not extend the time in which to make and serve case-made.

2. **Same—Time for Appeal from Final Order.**

A proceeding in this court to reverse a final order of the district court must be commenced within six months of the rendition of the final order complained of, else this court cannot acquire jurisdiction, and the appeal will be dismissed. The time runs from the rendition of the final order. Ginn et al. v. Knight, 106 Okla. 4, 232 Pac. 936.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Motion filed by Robert C. Ball to set aside and quash an execution and writ of posses-

sion issued by the District Court of Creek County, directing said Ball to relinquish possession to Wolfe et al. Motion denied, and defendant appeals. Appeal dismissed.

O'Meara & Silverman, for plaintiff in error.

C. Dale Wolfe and Hagan & Garvin, for defendants in error.

PER CURIAM. This action arose in Creek county, following other litigation over a period of years, for the title to and possession of certain real estate situated in Creek county. After an appeal to the Supreme Court, and long continued litigation, commencing in 1915, the defendants in error herein acquired title to the land in question.

Robert C. Ball, plaintiff in error, filed a motion in the court below to set aside and hold for naught an execution and writ of possession issued out of the district court of Creek county for the possession of said land to be turned to these defendants in error. The motion to set aside, as well as the execution and writ of possession, was filed in the old original case for the possession of the land—namely, Mack Lowe v. Robt. C. Ball et al. The trial court denied Ball's motion to set aside and quash the execution and writ of possession on November 16, 1925. whereupon he filed a motion for new trial on November 17, 1925, which was overruled on December 7, 1925, and Ball served notice of his intention to appeal. On December 7, 1925, Ball was granted 90 days within which to make and serve case-made.

The defendants in error have filed their motion to dismiss, contending that a motion for new trial was unnecessary and unauthorized, inasmuch as this was only a hearing on a motion for an order of the court and not the trial of an issue, and therefore the time for service of case-made expired at the end of 15 days from November 16, 1925; that no order of the court, extending time to serve case-made, was made during that time, nor later, until the 7th of December, 1925, and hence that this court has no jurisdiction to review the cause, and for the further reason that the appeal was not lodged in this court within the statutory period of six months.

It appears to be a well-settled rule in this state, as well as elsewhere, that a motion for a new trial is unnecessary and unauthorized to review the action of a trial court in granting or overruling a motion for an order of the court. which is a final order, but not in the nature of a judgment of the court rendered after a trial of the cause on the pleadings by petition, answer, and reply. Powell et al. v. Nichols et al., 26 Okla. 734, 110 Pac. 762, and authorities; Ginn et al. v. Knight, 106 Okla. 4, 232 Pac. 936; Bond v. Cook, 28 Okla. 446, 114 Pac. 723; Healy v. Davis, 32 Okla. 296, 122 Pac. 157. Since a motion for a new trial was unnecessary and unauthorized, the service of case-made on the 23rd day of February, 1926, was not good, because the time for service had expired prior to any order of the court granting the appealing party additional time within which to make and serve case-made.

The order of the court below, denying the motion of Ball to set aside the execution and writ of possession, was made on November 16, 1925; the appeal was lodged in this court on June 4, 1926; therefore, since more than six months had elapsed since the rendition of the final order, the time for filing an appeal in this court had expired, and the appeal must be dismissed.

The appeal is dismissed.

Note.—See under (1) 4. C. J. p. 348 §1988; 29 Cyc. p. 756 (Anno) ; 2 R. C. L. p. 158. (2) 4 C. J. p. 377 §2048.