## JOHNSTON et al. v. CAREY, LOMBARD, YOUNG & CO.

No. 24561. Opinion Filed May 2, 1933.

Owen F. Renegar, for plaintiff in error.

J. B. Dudley, for defendant in error.

PER CURIAM. So far as the record shows in this case, complaint was filed before Carl Traub, justice of the peace of Oklahoma City district, Oklahoma county, in forcible entry and detainer, against R. L. Johnston and Alma Johnston, defendants, on September 14, 1931. Thereafter, the case-made, at page 4, shows a journal entry of judgment, dated the 27th day of June, 1932, after trial by jury, which is apparently the appeal of this case from the justice of peace court, although nothing in the record indicates this.

A motion for new trial sets out four reasons for a new trial. The first two deal with the sufficiency of evidence and the last two deal with errors of law occurring at the trial and excepted to by the defendant.

This is all there is in the record. No bill of exceptions is shown nor errors complained of and exceptions taken, and none of the evidence is contained in the record.

All of the rest of the case-made deals with the order of extension, together with the bond furnished in the case.

The petition in error attached to the purported case-made alleges four grounds for reversal of the cause, none of which could be considered upon the case-made presented, for the reason that none of the evidence is included, and no exceptions are shown to the rulings of the court, and so far as the record shows no instructions were given and no exceptions taken to any proceedings of the trial.

If the order overruling the motion for new trial was ever made as it is suggested by the minutes at page 7 of the case-made, it was on September 12, 1933. There is an application before this court, and it appears that no notice thereof was given to the adverse party of such application, requiring this court to order the court clerk to file the case-made as of the 13th day of March, 1933.

As a matter of fact, if the allegations of

the application were true and the case-made was filed on the 13th day of March, it would still be one day too late.

However, there is nothing in the application that shows diligence in the prosecution of the appeal. The applicant states that the banks were closed by order of moratorium, that applicant appeared on the 13th day of March, 1933, to file the case, but nowhere in the application is it stated that the applicant had the money in the bank and that upon proof thereof being made to the clerk of the court the clerk refused to file the transcript.

The cause then comes within the rule of Converse v. Berry, 131 Okla. 188, 268 P. 235, and other cases many times reported by this court, that where a case-made is not filed within six months from the date of the rendition of the judgment or order overruling the motion for new trial, this court does not obtain jurisdiction of the appeal. The appeal is, therefore, dismissed.