**AARON et al. v. OKLAHOMA CITY BLDG. & LOAN ASS'N et al.**

No. 24893. April 10, 1934.

C. R. Reeves, for plaintiffs in error.

Everest, McKenzie, Halley & Gibbens, for defendant in error.

PER CURIAM. This action was filed in the district court of Oklahoma county on the 21st day of April, 1931.

An answer and cross-petition was filed by the defendants T. N. Aaron and Eva B. Aaron on August 15, 1931. A supplemental answer was filed on September 26, 1932, and amended supplemental answer thereafter on October 3, 1932, and on the 4th day of October 1932, over the objection of the defendants T. N. Aaron and Eva B. Aaron, who demanded a jury trial, the court found that they were not entitled to a jury trial, and entered judgment for the Oklahoma City Building & Loan Association for the sum of $2,409.14, with interest and attorney fees, and ordering foreclosure of the mortgage on property located in Oklahoma county. A motion for new trial and a supplemental motion for new trial were filed, and on the 14th day of January, 1933, the court entered its order overruling these motions. Notice in open court was given of the intention to appeal to the Supreme Court and 90 days taken in which to make and serve case-made. The proceeding in error was filed July 28, 1933, consisting of a petition in error and transcript.

A motion to dismiss has been filed by the defendant in error for the reason that this court has no jurisdiction of the appeal.

This court has uniformly held that, in order to appeal to this court from an order overruling the motion for new trial, the plaintiff in error must file the petition in error and attach thereto either a transcript of the proceedings or a case-made within six months from the date of the order overruling the motion for new trial, or the final order appealed from. Johnston v. Carey-Lombard Young & Co., 163 Okla. 197, 23 P. (2d) 188; Wheete v. City of Tulsa, 98 Okla. 4, 223 P. 634; Ball v. Lynch, 122 Okla. 24, 250 P. 537.

A motion has been filed by the plaintiffs in error asking that there be attached to the case-made a certified copy of the minutes of the clerk showing that the trial judge.

according to the minutes of the clerk, made an order on the 25th day of March, 1933, granting 50 days additional in which to make and serve case-made. Such amendment, if made, would serve no purpose to extend the time in which the appeal could be filed in this court. The motion to amend is therefore denied.

It appearing that this proceeding was not filed within six months from the date of the final order appealed from, the appeal is dismissed.