## HUFFMAN v. VALLET.

No. 25142. Nov. 27, 1934.

Owen F. Renegar and W. C. Madison, for plaintiff in error.

Gordon Johnston, for defendant in error.

PER CURIAM. This action was commenced in the district court of Oklahoma county on the 15th day of June, 1932, by the filing of a petition seeking the foreclosure of a mortgage on certain real property, and judgment was rendered for the plaintiff.

No motion for new trial was ever filed.

On the 15th day of April, 1933, the court entered its order approving the sale of the real estate, and it is from this order approving the sale that the appeal is taken.

It appears at the outset that no case-made was ever settled upon a proper notice of such settlement, and that no stipulation of attorney appears in the record. Under such condition it has been the repeated holding of this court that such case-made is a nullity and brings nothing to this court for review, and the case should be dismissed for that reason. Correll v. Shepherd, 102 Okla. 11, 227 P. 874; Roddy v. Lambard-Hart Loan Co., 162 Okla. 241, 19 P. (2d) 69. In

the case of Correll v. Shepherd, supra, this court said:

"Where the appellant presents a case-made to the trial judge, and has the same settled and signed without giving the required notice, in the absence of an appearance or waiver on the part of the appellee, such case-made so settled cannot be considered in this court, and the appeal will be dismissed."

It appears, further, that the petition in error was not filed in this court until the 3rd day of November, 1933, more than six months from the date April 15, 1933, at which time the journal entry approving the sheriff's sale was entered. The court is therefore without jurisdiction to consider the appeal. Starr et al. v. Woods, 162 Okla. 242, 19 P. (2d) 561; Williams v. Local Bldg. & Loan Ass'n, 165 Okla. 244, 25 P. (2d) 1086; Johnston v. Carey, Lombard, Young & Co., 163 Okla. 197, 23 P. (2d) 188; Showalter v. Hampton, 122 Okla. 192, 253 P. 105.

There appears in the case-made, at page 56, a statement by the court reporter that, under date of May 3rd, there were entered minutes showing that the motion to confirm the sale was sustained on that date. In the absence of a case-made duly served and settled, the minutes are no part of the record, and cannot be considered by this court. The appeal is therefore dismissed.