**ROREM et al. v. BODINE et al.**

No. 24526. Nov. 24, 1936.

Eagin & Van Eaton, for plaintiffs in error.

Suits & Disney, Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendants in error.

Tomerlin, Chandler & Shelton, amici curiae.

RILEY, J. This is an attempted appeal by transcript from an order denying an injunction.

Plaintiffs in error commenced the action in the district court of Oklahoma county, July 23, 1932, against Jim Bodine, county assessor; J. O. Crawford, county treasurer; B. E. Corrigan, county clerk; board of county commissioners of Oklahoma county; James H. Berry, former county assessor, and John Murphy.

Under the petition plaintiffs sought to have chapter 179, S. L. 1925 (sec. 12582, O. S. 1931), providing for charging and collecting a penalty of $1 against and from all taxpayers of Oklahoma county, who fail and neglect to render their property for taxation to the county assessor, adjudged and declared unconstitutional and void, as being a local and special act applying to Oklahoma county only, and violative of sections 46 and 49, art. 5, of the Constitution, and to have defendants enjoined from charging, collecting, and disbursing said penalty thereunder, etc.

Defendants answered conceding the invalidity of said act, and asserting that they were acting under the general law providing for said penalty as contained in section 9666, C. O. S. 1921. By reply plaintiffs assailed the validity of section 9666, C. O. S. 1921, as being unconstitutional and void as in violation of section 10, art. 23, section 11, art. 10, and section 34, art. 6, of the Constitution, relating to remuneration of public officers.

Judgment was rendered upon the pleadings in favor of defendants as stated in the first assignment in the petition in error. A motion for new trial was filed and overruled, which order is the basis of the second assignment of error.

No evidence was taken, and the case is brought here by transcript.

We are met with a question of jurisdiction. The journal entry of judgment shows that the judgment was rendered September 14, 1932. The transcript shows a motion for new trial filed September 17, 1932, and overruled September 19, 1932.

The petition in error and transcript was filed in this court March 17, 1933, six months and three days after the judgment and order denying the injunction was entered in the trial court, but within six months after the order overruling motion for new trial.

Clearly, the attempted appeal is too late, unless the time was extended by the filing of the motion for new trial and subsequent proceedings thereunder.

The question of jurisdiction of this court is not raised by motion to dismiss the appeal, or otherwise, but it has often been held that it is the duty of this court to inquire into its own jurisdiction on its own motion. Howard v. Arkansas et ux., 59 Okla. 206, 158 P. 437; Hill v. McCleary, 141 Okla. 205, 284 P. 646; Jones & Spicer v. Advance-Rumley Co., 157 Okla. 67, 10 P. (2d) 724.

Where the judgment appealed from is rendered upon the pleadings, the time within which to perfect appeal commences with the rendition of the judgment, and not from the order of the court overruling a motion for new trial. This because no motion for a new trial is necessary. Manes v. Hoss, 28 Okla. 489, 114 P. 698; Doorley v. Buford & George Mfg. Co., 5 Okla. 594, 49 P. 936; McDonnell v. Continental Supply Co., 79 Okla. 286, 193 P. 524; Clapper v. Putnam Co., 70 Okla. 99, 158 P. 297.

The appeal not having been perfected within the time provided by law, this court is without jurisdiction, and the appeal is dismissed.

OSBORN, V. C. J., and BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and WELCH and PHELPS, JJ., absent.