**LAWTER et al. v. EDWARDS et al.**

No. 35601.

Supreme Court of Oklahoma.

June 30, 1953.

Arney & Barker, Clinton, for plaintiffs in error.

Charles Edwards, Cordell, for defendant in error Rose L. Edwards.

Jones & Wesner, Cordell, for defendants in error D. E. and Jessie O. Rainbolt.

DAVISON, Judge.

Defendant in error's motion to dismiss this appeal, which was heretofore denied, has been again presented in the briefs. Because of its merit, it should be reconsidered. To do so, it is necessary to briefly outline the issues involved. Rose L. Edwards, as plaintiff, filed this suit, seeking foreclosure of a real estate mortgage, of which she was assignee, against D. E. Rainbolt and his wife, Jessie O. Rainbolt, Edgar Lawter and several others as defendants. The controversy here presented is as to the claim of said Lawter. The parties will be referred to as they appeared in the trial court.

Plaintiff's petition contained the allegations: that the principal defendants, on May 28, 1946, executed a promissory note in the amount of $13,500; that they also executed a real estate mortgage securing the same covering some 240 acres of land in Custer County, Oklahoma; that the note and mortgage were assigned to one John B. Rainbolt on April 14, 1951, and by him assigned to plaintiff on July 10, 1951; that a described 40 acres of said lands had been released from the lien of the mortgage; that the terms of the mortgage had been breached and that plaintiff was entitled to a foreclosure of the same. Plaintiff further alleged that the defendant, Lawter, and the defendants, Everett Arney and James Z. Barker, individually and as a partnership, were claiming some interest in the real estate by virtue of a district court judgment rendered on April 6, 1951, against the defendant, D. E. Rainbolt, in favor of Edgar Lawter.

The defendants, Lawter, Arney and Barker filed an answer and cross-petition admitting the execution of the note and mortgage, its assignment to John B. Rainbolt, and the release of the 40 acres but denying all other allegations. The answer and

cross-petition also contained allegations of the rendition of the judgment in favor of Lawter against D. E. Rainbolt in the amount of $5,860 and interest and a lien thereon in favor of said Arney and Barker, his attorneys. There was the further allegation that if any part of the property was found to be the homestead of said Rainbolt, that part should be first sold and applied to the satisfaction of the mortgage; that if the mortgage indebtedness was so satisfied, the remainder of the land should be sold and the proceeds applied on defendants' judgment indebtedness.

The answers of the defendants, Rainbolt, admitted all the allegations of plaintiff's petition and alleged the homestead character of 160 acres of said lands. Said defendants also filed replies to the cross-petition of defendants, Lawter, Arney and Barker, denying generally the allegations therein and specifically alleging the homestead character of 160 acres of said lands, particularly described therein.

The plaintiff then filed motion for judgment on the pleadings, upon which motion, the matter was heard by the trial court. Extensive evidence was presented by the plaintiff and heard by the court in the hearing upon the motion, although the defendants, Lawter, Arney and Barker, strenuously objected thereto upon the ground that it was not competent or admissible upon a hearing on motion for judgment on the pleadings. The objections were overruled and exception saved. Through the entire proceeding, the defendants, Lawter, Arney and Barker, insisted that the introduction of evidence on the hearing on the motion was improper. All of their objections, however, were overruled. On several occasions, during the hearing, the trial court made the pronouncement that the hearing was upon the motion for judgment on the pleadings. At the conclusion of the hearing and before rendering judgment, the trial court announced, "Whether it is proper to introduce evidence on a motion or not, I don't know * * *." Nevertheless, judgment on the pleadings was rendered generally for plaintiff against all defendants and all issues between all the parties contained in the petition and in the cross-petition were determined adversely to said defendants, Lawter, Arney and Barker. Said judgment on the pleadings was rendered on December 14, 1951.

Motion for new trial was duly filed and, on February 18, 1952, the same was overruled. At the time of rendition of judgment and also at the time of overruling of motion for new trial, defendants, Lawter, Arney and Barker, gave notice of intention to appeal. Case-made was served, settled, signed and filed in the trial court. On July 3, 1952, petition in error with case-made attached was filed in this court.

Defendant in error, Rose L. Edwards, has filed motion to dismiss the appeal for the reason that final judgment was rendered in the trial court on December 14, 1951; that the motion for new trial was not proper and, therefore, did not extend the time for filing an appeal; that the petition in error, being filed on July 3, 1952, was filed more than six months after the judgment appealed from was rendered, December 14, 1951, and this court acquired no jurisdiction to review.

In this contention, the defendant in error is correct. This court, on numerous occasions, has approved and followed the rules of law applicable to such situations which was expressed in the following manner in the case of Rorem v. Bodine, 178 Okl. 235, 62 P.2d 630, 631:

"Where the judgment appealed from is rendered upon the pleadings, the time within which to perfect appeal commences with the rendition of the judgment, and not from the order of the court overruling a motion for new trial. This because no motion for a new trial is necessary. Manes v. Hoss, 28 Okl. 489, 114 P. 698; Doorley v. Buford, etc., Mfg. Co., 5 Okl. 594, 49 P. 936; McDonell v. Continental Supply Co., 79 Okl. 286, 193 P. 524; Clapper v. Putnam Co., 70 Okl. 99, 158 P. 297."

The appeal herein not having been perfected within the time provided by law, this court is without jurisdiction and the appeal is dismissed.